*zell vs. Neal*, October term 1793, and *Cawood vs. Green*, October term 1794. That it was not too late to amend after *nul tiel* record pleaded, cited 1 *Bac. Ab.* 107, 108. 2 *Stra.* 846, 954, and *Ld. Raym.* 669.

THE GENERAL COURT determined that there was a sufficient record of the judgment declared upon, and directed the judgment to be entered for the debt demanded, together with damages, (being the interest,) and costs.

The defendants appealed to the Court of Appeals, but at November term 1803, they dismissed their appeal.

OCT. 1801

Wheteroft vs. Dorsey

———※———

## GENERAL COURT, OCTOBER TERM, 1801.

### BRISCOE *et al. vs.* WARD.

APPEAL from Charles County Court. In this case the plaintiffs in the county court, (the present appellants,) tendered a *bill of exceptions* to that court, to be signed and sealed, which the justices refused to do; whereupon the plaintiffs obtained out of the court of chancery a *compulsory writ,* commanding the justices to sign and seal the said bill of exceptions. See the writ in 2 *Harr. Ent.* 675. The bill of exceptions was accordingly signed and sealed, and the whole proceedings, on the appeal of the plaintiffs, were transmitted to this court; whereby it appears that the plaintiffs, (the appellants,) instituted their action on the case in the county court to March term 1798, and that the defendant at that term appeared in *proper person,* gave special bail, and imparled. That at the next term, August 1798, the parties again appeared, and a further imparlance was granted to the defendant. At the next term, March 1799, the case was continued by consent of the parties, and by order of the court, until August term 1799, when they again appeared, and the plaintiffs filed their *declaration* and *cause of action,* and moved the court for a rule upon the defendant to answer thereto, agreeably to the rules of

A writ from the court of chancery to compel the justices of the county court to sign and seal a bill of exceptions tendered to them A bill of exceptions may be taken to the opinion of the court on any question decided relative to the practice adopted therein The county court refused to receive the plaintiffs' declaration at the fourth term, and to lay a rule on the defendant to plead at that or the succeeding term, and wholly refused to continue the cause; on appeal, reversed Can a writ of procedendo be awarded in any case except where there has been a jury trial and a reversal on a bill of exceptions?

Oct. 1801

Briscoe
vs.
Ward

the court; but the court refused to grant such rule. The plaintiffs then moved the court for a rule upon the defendant to answer by the next term of the court; but this the court also refused to grant, or to take any other order of and upon the premises. The action was then by virtue of the act of assembly *discontinued.*

The bill of exceptions tendered to the court by the plaintiffs' attorney, and afterwards signed and sealed by the justices in obedience to the command of the aforesaid writ from the court of chancery, stated that "the plaintiffs by their counsel, on the 23d of August 1799, during the sitting of Charles county court, at that term, filed with the clerk of the said court the account of the plaintiffs against the defendant, and also the following declaration in the above cause, viz. [*Here follows the declaration,*] which the plaintiffs by their counsel, on the 30th of August in the year aforesaid, and during the sitting of the court at the said term, prayed the court to receive as their declaration in the said cause; but the court refused to receive the same, and also refused to rule the defendant to plead during the said term, or by the plea day, or by any other time; and altogether denied a continuance of the said cause, although requested by the counsel for the plaintiffs to continue it; and likewise refused to make any other order, and directed the said clerk not to make any entry which might prevent a discontinuance, although the counsel for the plaintiffs, at the time of tendering the declaration aforesaid, offered and declared himself willing to submit to any terms the court might think proper to impose, either to obtain a trial, or a continuance. To which conduct and opinion of the court the plaintiffs by their counsel excepted, &c.

*Buchanan,* for the Appellants.
*Chapman,* for the Appellee.

THE GENERAL COURT *reversed* the judgment of the County Court, and *remitted the record with a writ of procedendo,* &c.