## Ex Parte John A. Davenport.

Motion for a mandamus to the district judge of the southern district of New York, directing him to restore to the record a plea of " tender," which had been filed, by the defendant, in a suit on a bond for the payment of duties, which had been ordered by the court to be struck off as a nullity. By the court: As the allowance of double pleas and defences is a matter not of absolute right but of discretion in the court; and as the court constantly exercises a control over the privilege, and will disallow incompatible and sham pleas, no mandamus will lie to the court for the exercise of its authority in such cases; it being a matter of sound discretion, exclusively appertaining to its own practice. The court cannot say, judicially, that the district court did not order the present plea to be struck from the record on this ground; as the record itself furnishes no positive means of information.

Upon the true interpretation of the provision in the sixty-fifth section of the duty collection act of 1799, ch. 128, relative to granting judgment on motion in suits on bonds to the United States for duties, the legislature intended no more than to interdict the party from an imparlance, or any other means or contrivances for mere delay. He should not, by sham pleadings, or other pretended defences, be allowed to avail himself of a postponement of the judgment, to the injury of the government, or in fraud of his obligation to make a punctual payment of the duties, when they had become due. There is no reason to suppose that the legislature meant to bar the party from any good defence against the suit founded upon real and substantial merits. And such an intention ought not, in common justice, to be presumed without the most express declarations.

The language of the sixty-fifth section neither requires nor justifies any such interpretation. It merely requires that judgment should be rendered at the return term, unless delay shall be indispensable for the obtainment of justice.

There is no impossibility or impracticability in courts making such rules in relation to the filing of the pleadings, and the joining of issues in this particular class of cases, as will enable the causes to be heard and tried upon the merits, and a verdict found at the return term of the court.

THIS was a motion, by Mr Hall of counsel for the relator, for a mandamus to the judge of the district court of the United States for the southern district of New York, " commanding him to restore to the record of the cause, the plea of tender, filed in the cause by the defendant, and to proceed to the trial, and judge thereupon according to law; and to vacate all rules and orders entered in the said court, setting aside such plea as a nullity."

The affidavit of John A. Davenport was filed, stating the institution of a suit by the United States in the district court of the United States for the southern district of New York, in

February term 1831, against himself and a certain John A. Lacon, and that a declaration was filed therein against the defendants, to which the said John A. Davenport, he being the only defendant who appeared, after oyer, interposed two pleas. The declaration was in debt on a bond to the United States for duties on merchandise imported into the port of New York by Thomas H. Lacon, one of the obligors, on the 1st day of May 1831, in the penal sum of five hundred dollars. The amount stated to be due to the United States, in the condition of the bond, was fifty dollars and twenty-five cents. In the margin of the bond was written in figures the sum of $228 34.

The first plea of the defendant was " non est factum."

The second plea stated, that when the bond became due, to wit on the 21st day of January 1832, before the commencement of the suit, the defendant Thomas H. Lacon was ready and willing, at the city of New York, to pay the amount due thereon, being the sum of fifty dollars and twenty-five cents, and that on the same day he tendered to the plaintiffs the said sum of money which the plaintiffs refused to receive; and that he was still willing and ready to pay the same; and that the said sum of fifty dollars and twenty-five cents was brought into court, to be paid to the plaintiffs.

The affidavit proceeded to state, that the bond was given on the importation of certain manufactured iron into the port of New York; for which, as manufactured iron, and according to the tariff, the amount of duties as set forth in the condition of the bond was correct. That the collector of the port of New York, however, upon an allegation that such iron was not manufactured iron but was subject to a specific duty, increased the amount of duties to the sum set forth in the margin of the bond, and filled in, or caused to be filled in, the penalty of five hundred dollars; being after the execution of the bond and tender of payment, and without the assent of the deponent, to enable a recovery to be had to the extent of the increased duty; and that a tender of the amount in the condition mentioned was made, in order to test the questions arising out of the acts of the collector, and the plea interposed accordingly.

The affidavit further stated, that the district attorney of the United States moved to strike off from the record the plea of tender as a nullity; and that upon argument, the district judge

did decide, that, under the act of congress, no other plea could be interposed to the bond except the plea of non est factum; and did thereupon order the said plea to be stricken from the record as a nullity.

Mr Taney, attorney-general, presented to the court the affidavit of the district attorney of the United States for the southern district of New York, stating the circumstances of the case; and also a certified copy of the proceedings in the district court.

The case was submitted without argument.

Mr Justice STORY delivered the opinion of the Court.

This is a motion for a mandamus to the district judge for the southern district of New York, directing him to restore to the record a plea of tender, which had been filed, together with a plea of non est factum, by Davenport, in a suit on a custom house bond for the payment of duties, brought against him in that court; and which had been ordered by the court to be struck from the docket as a nullity. As the allowance of double pleas and defences is a matter not of absolute right, but of discretion in the court, and as the courts constantly exercise a control over this privilege, and will disallow incompatible and sham pleas, no mandamus will lie to the court for the exercise of its authority in such cases; it being a matter of sound discretion, exclusively appertaining to its own practice. We cannot say judicially, that the court did not order the present plea to be struck from the record on this ground, as the record itself furnishes no positive means of information.

But it appears from the affidavit of the party, and the opinion of the district court, with a copy of which we have been furnished, that the plea was in fact struck from the record upon the ground that under the sixty-fifth section of the duty collection act of 1799, chapter 128, the defendant has not a right to make every defence which he would be entitled to make in a suit at common law upon such a bond; but that the statute contemplates a summary proceeding and judgment against him, without preserving to him the same right of a trial by jury upon litigated questions of fact, at least not upon such questions of fact as are not within the issue of non est factum.

The words of the sixty-fifth section of the act are, "and where suit shall be instituted on any bond for the recovery of duties due to the United States, it shall be the duty of the court where the same may be pending to grant judgment at the return term, upon motion; unless the defendant shall in open court, &c. make oath or affirmation, that an error hath been committed in the liquidation of the duties demanded upon such bond, specifying the errors, &c. &c; whereupon, if the court be satisfied that a continuance until the next succeeding term is necessary for the attainment of justice, and not otherwise, a continuance may be granted, until the next succeeding term, and no longer." In our opinion, upon the true interpretation of this provision, the legislature intended no more than to interdict the party from an imparlance, or any other means or contrivances for mere delay. He should not by sham pleadings, or by other pretended defences, be allowed to avail himself of a postponement of judgment to the injury of the government, and in fraud of his obligation to make a punctual payment of the duties when they had become due.

But we perceive no reason to suppose that the legislature meant to bar the party from any good defence against the suit, founded upon real and substantial merits. And certainly we ought not, in common justice, to presume such an intention without the most express declarations. To deprive a citizen of a right of trial by jury, in any case, is a sufficiently harsh exercise of prerogative, not to be raised by implication from any general language in a statute. But to presume that the government meant to shut out the party from all defences against its claims, however well founded in law and justice, without a hearing; would be pressing the doctrine to a still more oppressive extent. We think the language of the sixty-fifth section, neither requires nor justifies any such interpretation. It merely requires that judgment should be rendered at the return term, unless delay shall be indispensable for the attainment of justice: and there is no impossibility or impracticability in the court's making such rules in relation to the filing of the pleadings, and the joining of issues in this peculiar class of cases, as will enable the causes to be heard and tried upon he merits, and a verdict found at the return term of the court. It is a matter of common practice in all classes of cases.

[Ex parte Davenport.]

at least in one of the circuits, and no inconvenience or hard-ship has hitherto grown out of it—special exceptions, founded upon extraordinary circumstances, are and may be disposed of upon special application for delay.

We have thought it right to express this opinion on the present occasion, because it appears that there has been a diversity of judgment among the district judges upon the subject. It is probable that the district judge of the southern district of New York, will, upon this intimation, grant the proper relief. If he should not, we cannot interfere by way of mandamus; unless the objection is put upon the record in a proper form, which it does not appear to be in the present case.

On consideration of the motion made in this case on a prior day of the present term of this court for a mandamus to be directed to the judge of the district court of the United States for the southern district of New York, " commanding him to restore to the record of the cause in said named case, the plea of tender pled in the said cause by the defendant, and to proceed. to trial and judge thereupon according to law, and to vacate all rules or orders entered in the said court, setting aside such plea as a nullity," and of the exhibits filed in the case as well by the said counsel of the defendant as by Mr Attorney-General in behalf of the United States: it is now here ordered and adjudged by this Court, that the mandamus prayed for be, and the same is. hereby refused, and that the said motion be, and the same is hereby overruled.