MORTON vs. LUDLOW, WESTERN and others.

Same decision in relation to the right of set-off on debentures against judgments upon custom-house bonds as in the last case.

Where a party claims a set-off and yet settles the debt without further steps to establish his right, this amounts to a voluntary payment.

*It would seem,* that a debtor to the United States upon custom-house bonds may plead at law, by way of set-off, in an action upon such bonds, the amount of debentures (relating to them) which he holds.

Although money be paid into court to the credit of the United States, yet, if no application be made to have it invested nor any benefit accrues from it, the United States shall not be charged with interest upon the amount.

June 25,
1833.

*Set-off.*
*Debenture Cer-*
*tificates.*
*Voluntary Pay-*
*ment.*
*Interest.*

THE principal questions in this case arose upon the supposed right of the defendant Henry M. Western to have the amount of certain debenture certificates set-off against judgments obtained on custom-house bonds, so as to stop interest (so far as the amount of the debentures would extend. A sum of two thousand seven hundred and twenty dollars, arising from the sale of certain real estate, and to which the defendant Mr. Western was entitled, had been paid into court to answer the claim of the United States upon the judgments: and this sum was to remain there until the further order of the court.

An order of reference to a master had been made, on motion of the district attorney of the United States; which ran thus: " *It is ordered* that it be referred to Frederick Depeyster junior;

"esquire, one of the masters of this court, to ascertain the
"amount due to the United States upon the several judgments
"recovered by the United States against the said Henry M.
"Western. And that, on such reference, the said Henry M.
"Western be at liberty to give proof of any facts which he
"may deem necessary to obtain relief against the said judg-
"ments or any part thereof; and that the said master report
"the facts, so proved before him, to this court; and that he
"have power to send for such papers and books of the custom-
"house of the port of New York as may be necessary in the
"premises; with the usual direction to the master to proceed
"*de die in diem.*

The master reported that the aggregate amount of principal
and interest due on the judgments at the date of his report was
four thousand four hundred and ninety-six dollars and eighty-
six cents. And his report stated: "that by way of set-off to
"this claim, Mr. Western produced five certain debenture cer-
"tificates; and, on his part, insisted, that, on the broad princi-
"ples of equity, he is entitled to interest on these certificates
"in like manner as is claimed on the above specified demand.
"That he also insisted, that the equitable construction of the
"contract entered into upon the execution of these bonds was
"that, if the imported articles were consumed in the United
"States, the duties were to be paid; if exported (and, conse-
"quently, not therein consumed) no duties were to be paid. That
"the amount of these debenture certificates, in the whole, was
"five hundred and sixty-eight dollars and sixty-four cents.

"I do further report, that in compliance with the directions
"in the above in part recited order contained, the following are
"the material facts established by the witnesses produced be-
"fore and examined under oath by me on behalf of Mr. Wes-
"tern, with the intent, on his part, of obtaining the relief in the
"said order mentioned in manner as follows, to wit: Jonathan
"Thompson testified that he was collector of the customs in
"and for the port and district of New York from the year one
"thousand eight hundred and twenty to one thousand eight hun-
"dred and twenty-nine; that during this period, certain cus-

" tom-house bonds were paid by Mr. Western, partly in mon-
" ey and partly in debentures ; that interest was charged on
" such bonds at the rate of six per cent. and computed from
" the times respectively when such bonds fell due to the times
" respectively of their payment ; that, interest was disallowed
" on the said debentures, in conformity to the instructions of
" the comptroller of · the treasury, although, at the time, Mr.
" Western claimed such interest; that these debentures were
" granted for drawbacks of duties on exportation of the same
" merchandize for which such bonds were given for duties on
" its importation ; and, lastly, that where the bonded duties at
" that time, to wit, about one thousand eight hundred and
" twenty-five, amounted to more than fifty dollars and the
" same merchandize was all exported, the debentures were
" granted for the whole amount of the duties less than what
" is termed retention, unwarrantable wastage or damage, and
" which retention signified a certain deduction of two and a
" half per cent. of all merchandize exported, save spirits.

" Andrew Martine, a clerk in the auditor's department in
" the said custom-house, proved the payment, with interest, as
" aforesaid, of two custom-house bonds by said Western in
" part satisfaction of the principal and interest due thereon ;
" and that the debenture certificates issued thereon were re-
" ceived in payment : but that, on these certificates, no allow-
" ance of interest was made.

" And lastly, that the testimony of John Reed, junior, and
" Anthony Woodward established the payment of the costs by
" the said Western on the several judgments so recovered as
" aforesaid and specified in said schedule A.

" I do finally report, that, upon an examination of the facts
" of this case so in proof before me, as likewise of the United
" States' laws in reference to the same and of the certificates
" themselves and after a final hearing granted to these parties
" on the objections filed with me by Mr. Western to my draft
" report, I am of opinion and do accordingly so report, that the
" said United States are entitled to the amount of four thou-
" sand four hundred and ninety-six dollars and eighty-six cents,

' being for principal and interest so as aforesaid ascertained " to be due to them ; and that the said defendant Henry M. " Western is not entitled to interest on the said debentures by ' way of set-off as contended for by him in manner previously " herein stated."

The defendant, Henry M. Western, took the following exceptions to the report.

1. " That said master hath allowed interest on the claim- " ant's demand and rejected it on the set-off.

2. " That interest hath been allowed on the gross claim, " instead of the nett balance.

3. " That no credit hath been given for two thousand seven " hundred dollars in court to the credit of the United States ' since the year one thousand eight hundred and thirty nor any " interest allowed thereon.

4. " That set-off for interest and debentures held against " the United States in the year one thousand eight hundred " and twenty-five has not been allowed."

Mr. *Henry M. Western,* in *pro. per.* and in support of the exceptions.

Mr. *John A. Dunlap,* for the United States.

*July 5.*   THE VICE-CHANCELLOR. The most important of these exceptions are the first and second. But the questions embraced by them has lately been decided by me in the case of *Jones* v. *Moore and others, (see page* 632. *ante.)* I there ruled in favor of such a claim as the exceptant here sets up ; and against a master's report which, like the present, disallowed the debtor's claim of set-off upon debentures. I considered, that, although custom-house bonds lay over and judgments were obtained upon them, yet the debtor was entitled to set-off upon debentures connected with such bonds from the time they were due and the interest was only to run from that period upon the balance.

This opinion, I see no reason to change: and, therefore, and until I am better instructed, I shall adhere to it.

But there are other questions. Mr. Western owed bonds for duties besides the above and which he paid with interest in the year one thousand eight hundred and twenty-five. He held debenture certificates connected with those bonds at this time ; and required to be allowed interest upon them ; which was not granted. The collector, acting under instructions from the comptroller of the treasurer, disallowed it. Mr. Western paid the full amount of the bonds, with interest, handing in the last mentioned debenture certificates and being allowed, in the payment, for the mere face of them. I must look upon this as a voluntary payment. Although he urged his claim to be allowed interest on the certificates, and the collector refused, still, it must be looked upon as a voluntary payment. The rule upon the subject has been clearly laid down in cases occurring within our own courts. Thus, in *Clark* v. *Dutcher*, 9 *Cow.* 674, it was decided, that where money is paid with a full knowledge of the facts and circumstances upon which it is demanded or with the means of such knowledge, it cannot be recovered back upon the ground that the party supposed he was bound in law to pay it, when in truth he was not. He shall not be permitted to allege his ignorance of the law ; and it shall be considered a voluntary payment. The same is to be found in the prior case of *Waite* v. *Leggett*, 8 *Cow.* 195. Now, the facts here were well known to Mr. Western ; and he was not ignorant of the law.

It has been said, that there was no set-off at law and the defendant could only obtain it in equity. Upon looking at the late case of *Ex parte Davenport*, 6 *Peters*, 661, I think it not so clear but what he might have had this defence there. It appears in *Exparte Davenport* that Congress never meant to bar a party from any good defence against a suit founded upon real and substantial merits ; and that such an intention ought not, in common justice, to be presumed without the most express declarations. But whether the courts of the United States are bound to allow a trial of such a set-off or

1833.

MORTON
v.
LUDLOW.

not Mr. Western is not precluded from inquiring into the judgments and opening them so far as may be necessary to ascertain the amount legally and equitably due upon the bonds. This results as well from the circumstance that the United States come into this court asking for equity, (and, therefore, are obliged to do equity,) as from the wording of the order of reference which was entered by consent and upon the motion of their attorney.

I think the general question as to what is due upon the judgments is fairly before me.

There is another point to be decided: as to the claim of interest against the United States upon the money in this court. I am not inclined to give it in Mr. Western's favor. Although the money has been paid into court to the credit of the United States, yet they have received no benefit from it. If a proper application had been made, the amount might have been invested and Mr. Western could have made the application: but this has not been done; and the delay in procuring the master's report and obtaining a decision of the question rests as much with him as with the attorney of the United States.

An order must be entered referring this cause back to the master to correct his report, by deducting the amount of the debentures from the principal of the bonds and computing interest on the balance only.