33 U.S. 700
 8 Pet. 700
 8 L.Ed. 1094
 EX PARTE THE UNITED STATES, IN THE MATTER OF THE
UNITED STATES, PLAINTIFFS
v.
ANSON G. PHELPS, ELISHA PECK AND WILLIAM E. DODGE.
 January Term, 1834
 
 MOTION for a mandamus to the district judge of the United States for the southern district of New York.
 Mr Butler, attorney-general of the United States, moved for a mandamus to be directed to the district court above mentioned, commanding it to vacate a rule entered on the 12th day of March instant in a certain cause pending in said court, between the United States of America plaintiffs, and Anson G. Phelps, Elisha Peck and William E. Dodge, defendants, by which rule the said court ordered the trial of said cause to be continued until the term of August next.
 The facts disclosed by the affidavits and other papers, on which the motion was founded, were:
 The suit of the United States against Phelps and others, was brought to recover the sum of one thousand six hundred and seventy-eight dollars and seventy cents, being the ascertained amount of duties due on a customhouse bond, given for an importation of certain lead weights and basins, for the house of Phelps & Peck. The capias was issued on the 10th of February last, returnable on the 13th of that month, the February term of that court.
 On the return day, a declaration was filed and served, and time allowed to plead until the 15th of February, when the defendants, after oyer of the bond and its condition, pleaded non est factum, and gave notice that they would prove, that the officers of the customs committed an error in rating the said articles as liable to a duty of three cents per pound, instead of rating them as liable to an ad valorem duty of fifteen per cent; that the bond, instead of being taken for one thousand six hundred and seventy-eight dollars and seventy cents, ought to have been taken for only three hundred and thirty-one dollars and seven cents, &c.
 On the same 15th of February, the defendants made oath, that an error had been committed in the liquidation of the duties demanded on the bond; and that the same had been notified to the collector, prior to the commencement of the said return term; whereupon the court granted a continuance until the next succeeding March term.
 At the March term, viz. on the 11th of March instant, the plaintiff's attorney moved to proceed to trial, but the defendants, in pursuance of previous notice, moved the district court that a commission be issued to Liverpool, to take the examination of material witnesses residing in Great Britain. The district attorney objected, that the court was restrained by the act of congress from allowing a continuance for a longer term than the said term of March, the cause having been continued from the return term of the writ, until that term: but the court being of opinion, that the defendants were entitled to make their defence by witnesses, and to have a reasonable delay of trial for the purpose of procuring testimony, overruled this objection, and granted the rule applied for; for the vacating of which by mandamus, the present motion is made.
 The Attorney-General contended, that although a defendant in a suit on a revenue bond has, under the provisions of the sixty-fifth section of the duty act of 1799, ch. 128, a full right to procure evidence for his defence, yet this can only be done in conformity with the provisions of the law, after judgment has been entered for the United States. There is an allowance of a term, if an affidavit is made of an error in the calculation of the duties; but at the second term after the institution of the suit, judgment, under the imperative command of the law, must be entered for the United States.
 Proceedings to obtain testimony will be allowed, and all the relief the defendant asks from the judgment, while procuring the testimony, will be extended to him by the court. But the judgment will remain a security for whatever shall be ultimately ascertained to be due to the United States. He cited, Ex parte Davenport, 6 Peters 661.
 Mr Maxwell, contra, denied the construction given to the act of congress by the attorney-general. The right of a party to obtain evidence arose from the great principles of justice; and this right ought not to be, nor could it be impaired. It was secured by the provision in the constitution, which gives the trial by jury. The true interpretation of the sixty-fifth section of the act of congress gives the opportunity to procure testimony. The delay allowed until the next term, when the duties were on affidavit alleged to be erroneously estimated, was given to procure testimony or review the calculations of the duties to maintain the allegation. This clearly shows that the law intends to afford the opportunity; and the length of the time to be allowed will be in the discretion of the court.
 In this case, the testimony was to be obtained in Great Britain, where the witnesses resided. The terms of the district court of the southern district of New York, are monthly. This suit was instituted on the 13th of February 1834. The first term commenced on the 15th of the same month. The second term began on the 11th of March, and thus in less than a month, if the law is as claimed for the United States, the defendants in that brief period were to collect their testimony, or a judgment be entered for the United States. That a judgment shall be entered to bind the property of the defendants, and thus impose a heavy burthen upon them, would not be justifiable or reasonable. The district judge in ordering the cause to be continued until August next, to allow time to obtain the evidence from England, did not misconstrue the act of congress; but exercised, as he had a right to do, a legal and just discretion upon the matter with which the court will not interfere.
 Mr Justice MCLEAN considered, that if the construction of the act contended for by the United States, was correct, he would be disposed to think congress had exercised a power beyond the authority given by the constitution. It would be depriving the party of his right to a trial by jury.
 Mr Chief Justice MARSHALL.
 
 
 1
 The court are unanimous in refusing the motion. The object of the section in the duty law is to secure the prompt collection of duties, indisputably ascertained. When there are errors in calculating the duties, and they are alleged on affidavits, the delay of one term is allowed. And where there is a real defence, an opportunity to obtain evidence by a continuance, according to the circumstances of the case, must be given. There cannot be a case of this description where the opportunity should be denied.
 
 
 2
 Mandamus refused, and the motion overruled.