No. 28.—WILLIAM W. HARRIS *vs*. THE STATE OF GEORGIA.

| 2 | 211 |
|---|-----|
| 116 | 885 |
| 2 | 211 |
| 123 | 750 |
| 123 | 751 |

In Error.   From Coweta Superior Court.   Motion to dismiss the cause upon the following grounds, that is—

1. There is no writ of error sued out or returned in said case.
2. There is no notice filed in the clerk's office below, of the signing of the bill of exceptions.

HARALSON & DOUGHERTY, for the plaintiff in error.

FERRELL, Solicitor General for the State.

*By the Court*—LUMPKIN, J. delivering the opinion.

The last ground is fatal under the statute creating this Court, for the reason assigned in Smith *vs*. Brown and others, decided during this term.   We shall avail ourselves of the present opportunity of justifying to the profession, and the public, the XIX Rule adopted by this Court, 1 *Kelly's R.* XIV, requiring cases to be brought up *by writ of error* from the Court below.

By reference to the amendment of the Constitution creating this Court, *Prince Dig.* 909, it will be seen that it not only establishes this tribunal for the *correction of errors*, but specifically designates the *writ of error* as the process by which we are to entertain juris-

diction of the Circuit Court decisions. The Legislature of 1845, overlooking this important fact, provided no other means, in the act which they passed of bringing up cases, but by *bill of exceptions.*

Pressed by a sense of our obligation to obey the supreme law, we met the exigency, by engrafting *a writ of error* upon the *bill of exceptions.* The Constitution had guarantied to the citizens of the State the right to have the errors in law and equity of the Superior Courts corrected, and had indicated the proceeding; the Legislature, through inadvertence, had failed to furnish an adequate remedy. Assuming, therefore, the powers exercised by courts in all ages and in all countries, we supplied the omission; thus saving the statute, and our own consciences, as well as the constitutional privileges of the people.

For the purpose of setting this matter plainly before the bar, I will take the liberty of making two extracts from Mr. Stephens' admirable little treatise on the Principles of Pleading. " If, at the trial," he says, "a point of law arises, either as to the legal effect or the admissibility of the evidence, the usual course is for the judge to decide these matters. But if it happens that one of the parties is dissatisfied with the decision, and may wish to have it revised by a superior jurisdiction, if he is content to refer it to the Superior Court in which the issue was joined, and out of which it is sent, (and called, by way of distinction from the Court at *Nisi Prius,* the court *in bank,*) his course is to move in the Court for a new trial. But as the *Nisi Prius* Judge himself frequently belongs to that court, a party is often desirous, under such circumstances, to obtain the revision of some court of *error ; i. e.* some court of appellate jurisdiction, having authority to correct the decision. For this purpose it becomes necessary to put the question of law on record, for the information of such court of error; and this is done pending the trial, by a form marked out by an old statute, *Westminister* 2; 13 *Edw.* I, c. 31. The party excepting to the opinion of the judge *tenders* him a *bill of exceptions,* that is, a statement in writing of the objection made by the party to his decision ; to which statement, if truly made, the judge is bound to set his seal, in confirmation of its accuracy. The cause then proceeds to verdict as usual, and the opposite party, to whom the verdict is given, is entitled, as in common course, to judgment upon such verdict in the court in bank, for that court takes no notice of the bill of exceptions. But the whole record being afterwards removed to the appellate court, *by writ of error,* the bill of exceptions is then taken

into consideration in the latter court and there decided." *Step. on Plead.* 89.

The whole course of proceeding on bill of exceptions generally, is minutely stated and discussed in the authorities referred to in the marginal note. See *Mooney* vs. *Leach,* 3 *Burr.* 1692; *Wright* vs. *Sharp, Salk.* 288; *Fabrigas* vs. *Mostyn,* 2 *Black. R.* 929 ; *Davis* vs. *Pierce,* 2 *T. R.* 125 ; *Gardner* vs. *Baillie,* 1 *Bos. & Pul.* 32; *Bell* vs. *Potts,* 5 *East,* 49; *Dillon* vs. *Doe, ex dem. Parker,* 1 *Bing.* 17.

It is scarcely necessary to remark, that this procedure has been somewhat modified by our own statute.

" After final judgment is signed, the unsuccessful party may bring a *writ of error;* and this, if obtained and allowed, and if notice of the allowance be served before execution, suspends, generally speaking, the latter proceeding till the former is determined. A writ of error is sued out of *chancery,* directed to the judges of the court in which judgment was given, and commanding them, in some cases, themselves to examine the record; in others, to send it to another court of appellate jurisdiction to be examined, in order that some alleged error in the proceedings may be corrected. The first form of writ, called a writ of error *coram nobis,* (or *vobis,*) is where the alleged error consists of matter of *fact.* The second, called a writ of error *generally,* where it consists of matter of law." *Step. on Plead,* 117.

The author next proceeds to explain in what the error may con-consist that will be corrected by the appellate tribunal. But these quotations will, I trust, abundantly suffice to prevent all further confusion or misapprehension upon this subject, and to show the utter incompatibility of making a *bill of exceptions* a substitute for a *writ of error,* the respective offices of which are so entirely distinct and incongruous.

This case must be dismissed, there being no writ of error, or citation, filed. And we regret this necessity the less, as it is apparent, from looking into the record, that the result to the unfortunate convict is the same as though there had been a decision upon the merits in his favour. The complaint is, that the *time* appointed for his *execution* was less than *twenty* days from the *time* of the *sentence.* If the allegation be true, the prisoner could be re-sentenced at the next term of the Superior Court; and as it is, we apprehend there will be no further proceedings until that time.