JOSEPH ENGEL, petitioner, *vs.* ALEXANDER M. SPEER, Judge of the Flint Circuit.

A *mandamus nisi* to a Judge of the Superior Court, will be refused when the parties to the suit by their written agreement, for their mutual convenience, did not present a bill of exceptions for his certificate and signature, until six months after the adjournment of the Court at which the trial was had.

Mandamus to compel the signing and certify of a bill of exceptions.

Asher Schuerman obtained a verdict against Joseph Engel at the November Term, 1866, of Spalding Superior Court. Engel moved for a new trial, which was refused.

On the first day of June, 1867, Engel's attorneys presented to Judge Speer, who presided at the time and overruled the motion, a bill of exceptions.

The Judge refused to certify it, because it had not been presented within thirty days from the adjournment of the Court, and, as he stated, because so long a time had elapsed since the trial, that he had forgotten the facts and law involved in the case.

To this it was replied, that the motion for a new trial was on file, and contained all the evidence and all the law points taken in the case; and that the attorneys for the parties had, in writing, waived the time, for their mutual convenience.

Such are the facts stated in a petition, unverified, (though

not contradicted by Schuerman's attorney,) and upon them alone a motion for *mandamus* to compel Judge Speer to sign and certify the bill of exceptions, was predicated.

W. K. DeGraffenreid, C. Peeples, for petitioner.

O. A. Lochrane, represented by A. O. Bacon, *contra.*

Warner, C. J.

This is an application for *mandamus nisi* against Judge Speer under the 4166th section of the Code.   This section of the Code provides, that if from any cause, a bill of exceptions is not certified by the Judge, *without fault of the party tendering the same,* he may apply to this Court for *mandamus,* etc.   The petition for *mandamus* must set out substantially the bill of exceptions tendered, and shall be *verified* by the attorney as to the truth of the bill as tendered, and by the party or his attorney, as to the other facts stated therein.

This application is not verified by the oath of anybody ; but it is not excepted to on that ground by the opposite party. It appears, however, upon the face of the application, that six months had elapsed from the time of the trial in the Court below, until the bill of exceptions was presented to the presiding Judge, who refused to sign and certify the same because it had not been presented to him within thirty days from the adjournment of the Court, and that so long a time had elapsed since the trial, that he had forgotten the facts and law involved in the case.

But it is insisted here, that the attorneys of the parties had in writing, *waived* the time, for *their mutual convenience,* and that all the evidence and law points taken in the case, were on file in the Clerk's office.   Upon the state of facts apparent on the face of this application, can it be said that this bill of exceptions was not certified and signed by the presiding Judge within the time prescribed by law, *without the fault of the party tendering it ?*

The reply is, that *the parties* agreed in writing, for *their mutual convenience,* to waive the time.   The answer is, that parties by their agreement, for their mutual convenience, can-

not *repeal* the law, which requires the bill of exceptions to be presented within *thirty days* after the adjournment of the Court, and present the same *six months thereafter*.    The presiding Judge has certain rights under the law, of which the parties, for *their mutual convenience*, cannot deprive him. Creditors and other parties interested in the judgments and proceedings of the Court below, may have rights under the law, of which the parties by their agreement, for *their mutual convenience*, cannot deprive them.

Let the application for mandamus be refused.