STATE *ex rel.* SAMUEL C. LAWRENCE, Relator, *v.* THE JUDGE OF THE ST. LOUIS COURT OF CRIMINAL CORRECTION, Respondent.

1. *Courts—Criminal Practice—Exceptions—Appeals.*—The St. Louis Court of Criminal Correction is, by the statute creating it, always in session; but all appeals from any decision must be taken within three days after the trial, and bills of exceptions should be signed and filed before the appeal is taken. Where the counsel consent that time be granted to file bills of exceptions and take appeals, the consent should be entered of record.

2. *Mandamus—Courts.*—The Supreme Court will not grant a mandamus to an inferior court unless it appear that the court has omitted or refused to perform its duty.

*Petition for Mandamus.*

*Brown & Hoffman*, for relator.

*S. Voullaire* and *Theo. Sternberg*, for respondent.

HOLMES, Judge, delivered the opinion of the court.

This is an application for a *mandamus* upon the judge of

the St. Louis Court of Criminal Correction to require him to allow and sign a bill of exceptions. The case is submitted upon a demurrer to the return.

It appears that, upon the trial of the relator in said court for a misdemeanor in office, a verdict and judgment were given against him, from which an appeal was granted. After the trial was over, the attorneys on either side entered into an agreement between themselves that the defendant's attorney should have ten days in which to prepare his bill of exceptions, to be submitted to the plaintiff's attorney for examination, and to be returned within six days thereafterwards. It does not appear that any exceptions were taken, allowed, and noted in writing, during the progress of the trial, nor that any consent to the signing and filing of a bill of exceptions, at any subsequent time, was entered of record. The bill of exceptions remained in the hands of the plaintiff's attorney about five months after it was submitted to him, and was never returned. After this lapse of time, the plaintiff's attorney presented to the judge a bill of exceptions prepared by himself, which was signed, and filed, and afterwards stricken off the records on motion of the opposite attorney, who thereupon drew up another bill, which the judge refused to sign for the reason that he did not remember the facts, and could not say of some of the exceptions contained whether they were true or not. This application is now made to this court for a *mandamus* to require him to sign this bill.

The Court of Criminal Correction is made a court of record ; it is to be at all times open, and the proceedings are to be conducted in a summary manner ; it is to be governed by the laws regulating proceedings and practice in criminal cases so far as the same may be applicable, but no written pleadings can be required of the defendant ; and appeals may be allowed to the Supreme Court if applied for within three days after the rendition of judgment—Gen. Stat. 1866, p. 895. The court has no terms. The practice in criminal cases in relation to new trials and bills of exceptions is the

same as in civil cases—State v. Marshall, 36 Mo. 403. It may be inferred that the same rules are to govern in the Court of Criminal Correction so far as they may be applicable to that court as it is organized under the statute creating it; but the consideration that there are no terms, that the proceedings are summary, and without pleadings on the part of the defendant, and that all appeals must be taken within three days after the trial, will necessarily make some difference in the application of these rules to the practice of that court. It has frequently been decided that exceptions must be taken during the progress of the trial or proceeding, and allowed and noted in writing at the time, though the formal bill of exceptions, which is to contain all the exceptions taken in one bill, may be drawn up and signed afterwards—Consaul v. Lidell, 7 Mo. 250; Lane v. Kingsbury, 11 Mo. 408. It is settled also that a bill of exceptions can be signed and filed at a subsequent term, or after the end of the term, only by consent of the parties, entered of record at the trial term, allowing it to be signed and filed at a subsequent period—Ellis v. Andrews, 25 Mo. 327; Pomeroy v. Selmes, 8 Mo. 727; State v. O'Blenis, 21 Mo. 272. Under the general practice act, all appeals must be taken during the term. Under this special act, an appeal must be taken within three days after the trial. By the analogy and reason of the thing, we are of the opinion that the bill of exceptions should be signed and filed before the appeal is taken, unless a consent for further time be given and entered of record.

It does not appear that the court had any part in the arrangement of counsel for further time to prepare and file the bill of exceptions. The bill submitted not having been returned within the six days agreed on, the defendant's attorney should have required its return at once, and, if refused, should have immediately presented a bill to the judge. It was gross laches in him to allow the matter to rest for five months. At the end of nearly eight months, it could not reasonably be expected that the judge could remember the facts which occurred on the trial, without written notes,

of the exceptions taken, or be able to say whether the bill then presented to him were true or not. Aside from the consideration that the exceptions were not allowed and noted during the trial, nor any consent entered of record for the signing of a bill at any subsequent period (which alone would be sufficient reasons for refusing this application), the delay was such as to fully justify the action of the judge in refusing to sign a bill eight months afterwards, and no ground is left on which this court could properly interfere by granting a *mandamus*. The case does not show that the judge has omitted any manifest duty—Moses on Mand. 19.

The peremptory *mandamus* must be refused. The other judges concur.