MARY A. WHITMORE v. GEORGE W. STEWART *et al.*

No. 11,552.    (59 Pac. 261.)

FORECLOSURE — *Deficiency Judgment Ordered Released — Mandamus Will Lie.* In a foreclosure proceeding a personal judgment was rendered and a sale of the mortgaged property decreed. Afterward, upon due notice, a sale was regularly made and the court, after examining the proceedings, found the sale to have been made in all respects in conformity to law and ordered confirmation, but at the same time, and on its own motion, ordered the release of the judgment remaining unpaid after applying the proceeds of the sale, when the matter of modifying or canceling the judgment was not submitted for its consideration or brought within the judicial power. *Held,* that the order releasing the judgment was absolutely void; and *held,* further, that, the clerk of the court having refused upon request to issue an execution on the judgment over, mandamus will lie to compel the performance of that duty.

Original proceeding in mandamus. Opinion filed December 9, 1899. Peremptory writ allowed.

*J. C. Ellis*, for plaintiff in error.

*C. H. Apt*, and *B. D. Crawford*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: In a foreclosure proceeding the district court of Pratt county awarded Mary A. Whitmore a personal judgment for $336 against Silas H. James and Emma James, and also decreed the foreclosure of a certain mortgage which had been given to secure the payment of the debt. At the end of six months, the judgment not having been paid, an order for the sale of the mortgaged property was issued, due notice of the sale given, and at the time fixed a sale was had for $100. The costs in the case amounted to $37.75, and the balance, $62.25, was applied as a credit on the judgment. In due time a motion to confirm the sale was made, and, after a hearing, the sale was confirmed. The order recites, among other things :

" The court having carefully examined the proceedings of said sheriff in making said sale and being satisfied that said sale has been made in all respects in conformity to law and the statutes in such cases made and provided, it is ordered and adjudged by the court that such sale and proceedings be, and the same are hereby in all respects confirmed, and the clerk of said court is hereby directed to make an entry on the journal that the court is satisfied with the legality of such sale."

After directing that a deed be made to the purchaser, the court, in that connection and at the same time, arbitrarily ordered and adjudged that the balance of the judgment over and above the proceeds of the sale be released and canceled. There was then due on the

judgment, including accrued interest, about $377. Afterward, when a præcipe for an execution was filed, the clerk of the court, assuming that the order releasing the judgment was valid, refused to issue the execution. This proceeding was brought to compel the clerk to perform that duty.

There was no justification for the arbitrary action of the court, and it had no authority or jurisdiction to cancel the judgment. The validity of the judgment was unquestioned; no one claimed that any part of the same had been paid or discharged, nor did any one by motion, petition, or otherwise, ask that it be modified or canceled. In fact, no attack of any kind was made upon the judgment, and it does not appear that the defendants were even present in court when the order was made. No other matter than the confirmation of the sale was submitted to the court, and as to that the court found that the proceedings were regular in all respects, and that it was satisfied with the legality of the sale. If there had been gross inadequacy of price in connection with some irregularity in the sale proceedings, the court might perhaps have refused to confirm the sale unless a fair price for the property was allowed and credited on the judgment; but no such claim was made, and the court specifically found that the sale was made in all respects in conformity to law. If we assume that all the parties were before the court, it never acquired authority or jurisdiction to modify or cancel the judgment, and having gone out of its appointed sphere and adjudged a matter not submitted to its consideration, the order made is an absolute nullity. It is of no more force than if it had undertaken to forgive a debt against the Jameses, not mentioned in the pleadings, or to set aside a judgment other than the one rendered in the

pending action. (*Gille v. Emmons*, 58 Kan. 118, 48 Pac. 569.)

It is contended that mandamus cannot be employed to correct errors, and that other remedies are open to the plaintiff. If the subject-matter acted upon had been within the jurisdiction of the court, mandamus would not be available, however flagrant the error. The order, however, is absolutely void — a fact apparent on the face of the record — and is of no binding force upon any one. The plaintiff was at liberty to proceed as though it had never been made, and, upon demand, was entitled to the issuance of an execution. It was the clear duty of the clerk to issue the execution upon request of the plaintiff, and, having refused, the performance of the duty may be compelled in this proceeding.

The peremptory writ will issue.