MARY BRIGGS v. CHARLES W. WILSON, E. A. CAMP-
BELL, AND C. H. BELL.

**No. 650.**  ( 59 Pac. 1095.)

MORTGAGE FORECLOSURE—*Deficiency Judgment—Case Followed.*
The decision of the supreme court of this state in *Whitmore v.
Stewart*, 61 Kan. 254, 59 Pac. 261, holding invalid an order of the
district court directing the cancelation of a deficiency judgment
in a foreclosure action, where such judgment was not attacked
or questioned by any party to the suit, followed.

Error from Harper district court; G. W. McKAY,
judge. Opinion filed February 19, 1900. Reversed.

*A. C. Richardson*, and *A. L. Redden*, for plaintiff in
error.

*J. P. Grove*, and *T. A. Noftzger*, for defendants in
error.

The opinion of the court was delivered by

MILTON, J. : In the district court of Harper county,
the plaintiff in error, having obtained a personal
judgment upon a promissory note against the defend-
ants in error, and also a decree for the foreclosure of
the real-estate mortgage securing the payment of the
note, and having had the mortgaged premises sold by
the sheriff in accordance with the decree of fore-
closure, moved to confirm said sale. One James B.
Moore had purchased the land at the sheriff's sale,
and a deficiency judgment remained. The court found
the sale to be in all respects in conformity with law,
and ordered its confirmation, upon condition, however,
that the plaintiff should satisfy and release the defi-
ciency judgment, the order of confirmation to become
operative when such release should have been entered
of record, and that thereafter the sheriff should issue

to the purchaser a certificate of sale, to be followed by a deed, in case of failure to redeem, as provided by law.

The purchaser has not been made a party in this court, and for this reason the defendants in error have moved to dismiss the proceedings in error. The motion must be overruled. The record shows that, while the sale should have been, it was not, in fact, confirmed. The court's arbitrary order concerning the deficiency judgment was in effect equivalent to a refusal to confirm the sale. The sale not having been confirmed, the purchaser is not a necessary party to these proceedings.

As to the merits of the case, we hold, on the authority of *Whitmore v. Stewart*, recently decided by our supreme court, 61 Kan. 254, 59 Pac. 261, that the order requiring the deficiency judgment to be released was entirely erroneous. In that case an order was made after confirmation of the sale, but as a part of the confirmation proceedings and embodied in the journal entry thereof, that the deficiency judgment should be canceled. The supreme court held such order to be absolutely void.

In the present case, as in the case cited, the validity of the personal judgment, of which the court attempted to wipe out a part by a decree of cancelation, was not anywise attacked or questioned by any party to the suit.

The order of the district court is reversed, and the case remanded for further proper proceedings.