## THE POSTMASTER GENERAL OF THE UNITED STATES v. STEPHEN TRIGG, ADMINISTRATOR OF ELIAS RECTOR.

Mandamus, Motion for a rule on the district judge of the district court of the United States for the Missouri district, to show cause why a mandamus should not issue from this Court, commanding him to order an execution to issue on a judgment entered in that court in the case of The Postmaster General of the United States v. Rector's administrator. The motion was founded on an attested copy of the record of the proceedings in the district court, by which it appeared that the district judge, on the motion of the district attorney of the United States for an order for an execution on this judgment, " after mature deliberation thereon," overruled the motion. The rule to show cause was refused.

The Court have looked into the practice of this Court upon motions of this sort, and it does not appear to have been satisfactorily settled. For any thing that appears in this case, there may have been sufficient reason for the decision of the district court overruling the motion for an execution; and there is nothing in the record to create a prima facie case of mistake, misconduct, or omission of duty, on the part of the district court. In such a state of facts, the Court are bound to presume that every thing was rightly done by the court, until some evidence is offered to show the contrary; and they cannot, upon the evidence before the Court, assume that there is any ground for its interposition.

A rule to show cause, is a rule upon the judge to explain his conduct; and implies that a case had been made out which makes it proper that this Court should know the reasons for his decision. When the record does not show mistake, misconduct, or omission of duty on the part of the court, unless such a prima facie case to the contrary is made out, supported by affidavit; as would make it the duty of the Court to interpose, such a rule ought not to be granted.

Mr. Butler, Attorney-general, moved the Court for a rule on the district judge of the United States for the district of Missouri, to show cause why a writ of mandamus should not be issued, commanding him to order an execution to issue on the judgment of the said district court in this case.

Mr. Chief Justice TANEY delivered the opinion of the Court.

A motion has been made in this case by the attorney-general of the United States, for a rule on the judge of the district court of the United States, for the Missouri district, to show cause why a mandamus should not issue from this Court, commanding him to order an execution to issue on the judgment entered in that court in the case of the Postmaster General v. Trigg, administrator, &c.

The motion is founded upon an attested copy of the record of the proceedings in the district court, by which it appears that at Septem-

[United States v. Trigg, administrator.]

ber term, 1834, the postmaster general recovered in the said court a judgment against the above named defendant, for the sum of 1,595 dollars 53 cents, the damages assessed by the jury and costs of suit. That at March term, 1835, the attorney of the United States moved the court to order the clerk to issue a fieri facias on this judgment, against the goods and chattels, lands and tenements of the said Elias Rector, deceased, in the hands of the said administrator, to be administered. At September term, 1835, the court decided upon this motion; and the record states that " after mature deliberation thereupon had," the court overruled the motion. This is the only evidence filed here by the attorney-general, in support of the motion for a rule to show cause why a mandamus should not issue.

The Court have looked into the practice of this Court upon motions of this sort, and it does not appear to have been satisfactorily settled: and we have therefore thought it a fit occasion, when the Court is full, to deliberate on the subject; and to state the principles by which the Court will be guided.

The district court, upon which the rule is proposed to be laid, is a court of record, and the proceedings in the case before us appear to have been conducted in regular form; and the decision which has given rise to this motion, to have been made after mature deliberation. For any thing that appears before us, there may have been sufficient reason for this decision; and there is nothing in the record to create a prima facie case of mistake, misconduct, or omission of duty on the part of the district court. In such a state of facts, we think that we are bound to presume that every thing was rightfully done by the court, until some evidence is offered to show the contrary; and cannot, upon the proof before us, assume that there is any ground for the interposition of this Court. A rule to show cause, is a call upon the judge to explain his conduct; and implies that a case had been made out which makes it proper that this Court should know the reasons for his decision. We think, that in a case like this, such a rule ought not to be granted, where the record does not show mistake, misconduct, or omission of duty on the part of the court; unless such a prima facie case to the contrary is made out, supported by affidavit, as would make it the duty of this Court to interpose.

The rule is therefore refused; and it may be proper, in order to settle the practice in cases of this description, to state that the Court unanimously concur in this opinion.