IN THE MATTER OF JOSIAH S. STAFFORD AND JEANNETTE KIRKLAND, HIS WIFE, APPELLANTS, v. THE UNION BANK OF LOUISIANA.

Where an appeal from a decree in chancery is intended to operate as a *supersedeas*, the security given in the appeal bond must be equal to the amount of the decree, as it is in the case of a judgment at common law.

Where the security is insufficient, this court will, upon motion of the appellee, lay a rule upon the judge below, to show cause why a *mandamus* should not issue, commanding him to carry into execution the decree of the court below.

Upon cause shown by the judge that, having taken what he considered to be good and sufficient security, the cause was appealed to this court, which removed it from his jurisdiction, and that he had no power to make an order in the case, this court will order a peremptory *mandamus*.

But as the security given was sufficient to bring the case before this court by appeal, a motion to dismiss the appeal must be overruled.

THIS was an appeal from the district court of the United States for the State of Texas.

It was before the court at the last term, and is reported in 16 How. 135.

It will be seen, by a reference to that case, that the court expressed its opinion, that where there was a decree in chancery from which an appeal was taken, in order to make that appeal operate as a *supersedeas*, the security given in the appeal bond must be equal to the amount of the decree, as it is in the case of a judgment at common law.

It will also be seen, that a motion to dismiss the appeal could not be entertained, because the time had not expired within which the appellant was allowed to file the record; nor could a motion be entertained to award a *procedendo*.

It will also be seen, (p. 141,) that the court suggested a mode of relief, by moving for a rule on the district judge, to show cause why a *mandamus* should not be issued.

Taking the case up at this period of its history it now becomes necessary to trace the subsequent proceedings.

On the 12th of May, 1854, the Union Bank of Louisiana filed the following petition : —

" To the honorable the justices of the supreme court of the United States : —

" The petition of the Union Bank of Louisiana, a corpora- tion duly established by the laws of the State of Louisiana, respectfully showeth : That on the 5th day of March, 1848, your petitioner filed its bill in the district court of the United States for the district of Texas, against Josiah S. Stafford and Jeannette Kirkland Stafford, his wife, whereby your petitioner sought to obtain a foreclosure of a certain mortgage, held by it on certain negro slaves, then in the possession of the said defendants ; but, at the hearing in the said court, and by the decree thereof, the said bill was dismissed. And your petitioner further showeth, that from the decree of the said court, direct- ing the dismissal of the said bill, an appeal was prayed by your petitioner to this court ; and, at the December term, 1851, the said decree was reversed, and the cause remanded to the said district court, with directions to that court to enter a decree in favor of your petitioner ; and, accordingly, such a decree was in fact rendered by the said district court, on the 25th of February, 1854, whereby it was in substance directed that the sums accruing from the hire of the mortgaged slaves, while in the custody of the receiver, *pendente lite*, amounting to $25,379.39, should be paid by the receiver to the complain- ant, and credited on the total amount found to be due by the defendants, and that, in case the defendants failed to pay over the balance remaining due after such credit, amounting to $39,877.13, on the 1st day of July, 1854, they should be fore- closed of their equity of redemption, and the marshal should seize and sell the mortgaged slaves at public auction, on the third day of the same month, or as soon thereafter as may be, after giving three months' notice, by advertisement, of the time, place, and terms of sale, and should pay to the complainant, your petitioner, out of the proceeds of such sale, the aforesaid sum of $39,877.13, in satisfaction of the debt secured by the said mortgage. And your petitioner further showeth, that although it appeared, by the said decree, that the total amount due thereby to your petitioner was the sum of $65,256.52, yet the said district court thereafter, to wit, on the 7th day of March, 1854, in violation of the statutes of the United States,

and of the right of your petitioner, allowed the said defendants to take an appeal from the said decree to this court, which should act as a *supersedeas*, upon their giving a bond in the penal sum of $10,000 alone, conditioned that they prosecuted their said appeal with effect, and answer all damages and costs if they fail to make their plea good; and when the said defendants had, on the day aforesaid, tendered such a bond, with certain sureties thereon named, the said district court ordered, notwithstanding the objections interposed on the part of your petitioner, that the bond of appeal, so taken and filed, operates as a *supersedeas* to the decree of the said court, hereinbefore set forth; all of which will fully appear by reference to the transcript of the record of the said cause, brought up to this court on the first appeal, and to the transcript of the record of the subsequent proceedings in the said cause, filed in this court in support of a motion made, on the part of your petitioner, at the present term, to dismiss the said second appeal, taken as aforesaid, by the said defendants.

" And your petitioner further showeth, that the action of the said district court, in ordering it to be entered that the appeal bond so taken operates as a *supersedeas* and stays the execution of the said decree, is contrary to law, and oppressive to your petitioner; that, unless this court interpose, a delay of one or two years must intervene before the decree can be carried into effect; and, meanwhile, the security for the final payment of the amount decreed to be due and payable to your petitioner is wholly insufficient, and much less than the amount required by law, and that your petitioner has no remedy save in the present application to this court.

" Wherefore your petitioner humbly prayeth, that your honors would be pleased to order that a writ of *mandamus*, in due form, be at once issued from this court, returnable to the first Friday of the next term thereof, commanding and requiring the Honorable John C. Watrous, judge of the district court of the United States for the district of Texas, to cause the decree, so as aforesaid rendered by the said court, on the 25th day of February, 1854, to be at once carried into execution, according to the terms thereof, notwithstanding the appeal so taken by the said defendants, or, on failure thereof, to show to this court, on the said return day, why the same has not been done.

" And in support of this petition, your petitioner refers to the transcripts hereinbefore mentioned, and to the records of this court in relation to the said cause, and will ever pray, &c.

" R. S. COXE,<br>" W. G. HALE,

*"For the Union Bank of Louisiana."*

*May* 12, 1854.

And, on the same day, the counsel made the following motion : —

In the supreme court of the United States, December Term, 1853.

*Ex parte.*   The Union Bank of Louisiana.

" The counsel for the Union Bank of Louisiana, in accordance with the prayer of the petition h`rewith filed, on behalf of the said bank, now move the court to o. der that a writ of *mandamus*, in due form, do at once issue from this court, returnable to the first Friday of the next term thereof, commanding the Hon. John C. Watrous, judge of the district court of the United States for the district of Texas, to cause the decree rendered by the said district court, on the twenty-fifth day of February, 1854, in a certain cause therein then depending, between the said Union Bank of Louisiana as complainant, and Josiah S. Stafford, and Jeanette Kirkland Stafford, his wife, as defendants, to be at once carried into execution, accordin g to the terms thereof, or, on failure thereof, to show to this court, on the return day of said writ, why the same has not been done.

" And in case the court do not think fit to make such order, then the counsel for said Union Bank of Louisiana move the court to grant a rule on the said district judge, requiring him to show cause, on the first Friday of the next term of this court, why a peremptory writ of *mandamus* should not issue, for the purpose above stated.    And in support of this motion, the counsel refer to the said petition, and to the transcripts therein mentioned.

" R. S. Coxe,

" W. G. Hale,

" *For the Union Bank of Louisiana.*"

On the 15th of May, 1854, a rule was laid upon the district judge, to show cause, at the next term, why a *mandamus* should not be issued, commanding him to cause the decree entered by the said district judge, on the 25th of February, 1854, between the above parties, to be carried into execution, according to the terms thereof.

In this position the case stood, at the opening of the present term.

The district judge showed cause in a return, which is set forth, *in extenso*, in the order of this court, which follows the opinion in this report ; and it is, therefore, unnecessary here to copy that return.

Shortly after the commencement of the term, *Mr. Coxe* moved to dismiss the appeal, because the appellants had filed

no sufficient bonds; and, also, that the rule upon the district judge should be made absolute, and a peremptory *mandamus* awarded.

The first motion was overruled, and the second granted.

The case was argued for Judge Watrous, by *Mr. Robert Hughes*, who contended that the appeal placed the case in the supreme court, and that the court below had no longer any jurisdiction over it; and cited 1 Overton Tenn. Rep. 21; 1 Gallison, 503; 6 Wheat. 194; Gilpin's Rep. 34; 9 Wheat. 553.

Mr. Justice McLEAN delivered the opinion of the court.

This is an appeal in chancery from the district court of Texas.

A motion is made by the counsel for the appellees, to dismiss the appeal, because the defendants have filed no sufficient bond.

Also, that a rule on the district judge, to show cause why a peremptory *mandamus* should not be, issued, granted at the last term, be made absolute.

At the last term, a motion was made to dismiss this cause, and to award a *procedendo*, on the ground that the appeal bond was insufficient.

On consideration of that motion, the court held, that the bond for $10,000, given on the appeal from a decree for the payment of $65,000, was insufficient, as the act of congress requires a bond in the amount of a judgment or decree, to prosecute the appeal or writ of error with effect.

But the court overruled the motion to dismiss the appeal and award a *procedendo*, for the reason that, from the time the appeal was taken, the appellant was not bound, under the acts of congress and the rules of court, to enter the appeal on the docket of this court, before the present term.

During the same term, on motion, a rule was ordered on the district judge to show cause, at the present term, why a *mandamus* should not be issued, commanding him to cause the decree entered by the said district judge, on the 25th February, 1854, between the above parties, to be carried into execution according to the terms thereof.

In answer to the rule the judge states, that having taken what he considered to be good and sufficient security, as the law required, the cause was appealed to the supreme court, which removed it from his jurisdiction, and that he had no power to make an order in the case.

It was the duty of the judge, in allowing the appeal, to take security on the appeal in the sum decreed; and not having done so, the appellant was not entitled to a *supersedeas* of any process necessary to carry the decree into effect; and the judge was

bound to issue it, on the application of the plaintiff. The court, therefore, order that a peremptory *mandamus* issue, commanding the judge forthwith to carry the decree into effect.

But as the security given was sufficient to bring the cause before the court by appeal, though not sufficient to suspend the execution of the same, the court overruled the motion to dismiss the appeal.

### Order.

The Honorable John C. Watrous, district judge of the United States for the district of Texas, having filed a return to the rule granted at the last term in this case, requiring him to appear and show cause, if any he had, why a *mandamus* should not be awarded, requiring and commanding him to cause the decree rendered by the said court, on the 25th day of February, A. D. 1854, in a certain cause therein then depending, between the said Union Bank of Louisiana, as complainant, and Josiah S. Stafford and Jeannette Kirkland Stafford, his wife, as defendants, to be-at once carried into execution, according to the terms thereof, notwithstanding the appeal from said decree, taken by the said defendants to this court, and the order of the said court that the appeal bond filed by the said defendants, on the said appeal, operated as a *supersedeas* to the said decree of the said court.

And the cause shown appearing in the following statement returned by the said district judge, namely:—

·THE UNITED STATES OF AMERICA, IN THE SUPREME COURT, *December Term,* 1854.

Between Josiah S. Stafford and Jeannette K., his wife, appellants, and the Union Bank of Louisiana, appellee.

The answer of John C. Watrous, judge of the district court of the United States for the district of Texas, at Galveston, to the rule upon him, to show cause why a peremptory *mandamus* should not issue, commanding him in said court, to discharge the *supersedeas* to the enforcement of, and to order execution upon the decree rendered in said court, in favor of the said Union Bank of Louisiana, and against said Josiah S. Stafford and wife.

The respondent respectfully answers, and certifies, to the honorable the supreme court of the United States, that on the 6th day of March, 1854, in the district court of the United States for the district of Texas, at Galveston, which was within ten days next after the rendition of the decree mentioned in the caption to this answer, the said Josiah S. Stafford and wife, feel-

ing themselves aggrieved by the rendition of the same, in open court, applied for, and prayed an appeal to the next term thereafter, of this court, to be held in the city of Washington on the first Monday in December thereafter: which to them was granted, upon condition that they entered into good and sufficient bond with good and sufficient security in the sum of $10,000, conditioned that they prosecute their appeal with effect, and answer all damages and costs if they should fail to make their plea good, and thereafter and on the same day and year aforesaid, the said Josiah S. Stafford and wife, in open court, tendered a bond with L. C. Stanley, Patrick Perry, and William H. Clark, as sureties, in the sum of $10,000; and the court having inspected the bond, and being satisfied that it was in conformity to law and the order of the court, and that the sureties were good and sufficient. "It was ordered that the bond be approved, and it was ordered to be entered, that the bond of April, taken and filed in this cause, operates as a *supersedeas* to the decree of the court," and thereupon and immediately after the order granting said appeal, and the giving bond as aforesaid, and while the same remained in full force, unreversed and not set aside, this respondent respectfully submits, that neither in the said district court, or in vacation, had he any longer jurisdiction over the cause between the parties aforesaid, or any power or authority to make any order in regard to the *supersedeas* or to enforce the execution of the decree aforesaid for the reason that thenceforward, by virtue of the appeal so taken and perfected as aforesaid, the said cause between the parties aforesaid, had passed into and under the control of this court, and which was the proper forum only in which any such order could or can be rightly made.

This respondent further respectfully submits that though, upon investigation, it should turn out that the bond given for the appeal, as aforesaid, was not taken in all respects in conformity to the requirements of law, but might be irregular and depart from such requirements in regard to the amount of the penalty thereof, or in other respects; yet this did not render the grant of the appeal merely void, or in any manner affect the *supersedeas* operated by law, but that the said appeal and the said *supersedeas* was and continued to be in full force and effect, and thus will remain until this court, in conformity to its practice, shall dismiss said appeal, and thereby discharge said *supersedeas*, on account of a failure by the said Josiah S. Stafford and wife, when thereto required to give such bond as the law requires, within such time as the court may prescribe.

This respondent further respectfully submits, that the bond taken and approved, and upon which the appeal before men-

24 *

tioned was granted, was taken and executed in full, complete, and perfect conformity to law, and had he power and authority either in term time or in vacation to make any order in regard to said *supersedeas*, or the enforcement of the decree aforesaid by execution, and an application were made to him for such order, by reason of the said bond not being in the penalty or to the amount required by law, he would feel himself constrained to refuse any such order.

And these are the causes and reasons which this respondent has to offer why a *mandamus* should not issue to enforce a discharge of the *supersedeas* or an execution of the decree aforesaid.

But he respectfully submits to the judgment of the court, and will enforce, by order, any direction given by the court in the premises. The respondent respectfully refers to the brief of the counsel of the said Josiah S. Stafford and wife, which will be filed in this honorable court, and the authorities therein referred to, in support and maintenance of the position assumed by this answer.

JOHN C. WATROUS.

And after due deliberation thereupon, had, it appearing to the court that it was the duty of the judge, in allowing the appeal, to take security on the appeal in the sum decreed, and not having done so, that the appellant was not entitled to a *supersedeas* of any process necessary to carry the decree into execution, and that the judge was bound to issue the proper process on the application of the complainant. It is therefore now here directed and ordered by this court, that a *mandamus* be awarded to the district judge of the United States for the district of Texas, requiring and commanding the said judge forthwith to carry the aforesaid decree of the said district court of the 25th of February, A. D. 1854, into effect.

### After-Order.

This cause came on to be heard on the transcript of the record from the district court of the United States for the district of Texas, and it appearing to the court here that a stipulation by the counsel of the respective parties to dismiss this appeal at the costs of the appellants, has been filed in this cause. It is thereupon, on the motion of *Mr. Coxe*, of counsel for the appellee, now here ordered and decreed by this court that this appeal be and the same is hereby dismissed, with costs.