BEEBE v. YOUNG.

## Joseph E. Beebe v. Absalom Young, and others.

*Appeal in Chancery — return to.* — The statute — *Laws of* 1858, *p.* 5 — requiring the return to an appeal in Chancery to be made to the nearest Clerk's Office, is merely directory; and an appeal will not be dismissed because the statute in this respect is not complied with.

*Chancery appeal bond — power of Court to permit the filing of new one.* — A Chancery appeal bond should have at least two sureties; but if it is filed with only one, or is defective for any other reason, the Court has power under the statute — *Compiled Laws*, §4542-3 — to permit a new bond to be filed, or an amendment of the one already given.

*Heard April 12. Decided May 2.*

Motion to dismiss an appeal in Chancery.

*G. T. Gridley*, for appellee.

*Johnson & Higby*, for appellant.

COOLEY J.:

A motion is made to dismiss an appeal in Chancery in this case, on the ground: 1st. That the return to the appeal was made by direction of the solicitors for the appellants to the office in Detroit, instead of the nearer one at Lansing, as required by the statute; and 2d. That the appeal bond is executed by one surety only.

The first ground we do not think sufficient. The statutory provision requiring the return to be transmitted to the nearest Clerk's office is not designed for the protection of the rights of parties, but only for the orderly transaction of the business of the Court; and it is, therefore, to be regarded as directory only. The cases of *Garlock v. Ontario Bank*, 1 *Wend.* 288, and *Cutler v. Rathbone*, 1 *Hill*, 204, are directly in point, and this Court in *Garratt v. Litchfield*, 10 *Mich.*, 451, refused to dismiss an appeal in Chancery where a return had not been procured within the time limited by the statute. The reason of that decision is applicable here.

The objection to the bond we think well taken. The statute requires a bond with sufficient *sureties;* and a single surety does not answer its demands. — *Van Wezel v. Van Wezel*, 3 *Paige*, 38; *North American Coal Company v. Dyett*, 4 *Paige*, 273. — And as the statute provides that unless " such " bond shall be filed within the time limited no appeal shall be allowed, we must dismiss the appeal unless we are authorized to permit an amendment or to suffer a new bond to be substituted — *Cuddelback v. Parks*, 2 *Green*, *Iowa.* 148; *Ex parte Chryslin*, 4 *Cow.*, 80.

By §4542 of the Compiled Laws, it is provided that: " Whenever a bond is or shall be required by law to be given by any person in order to entitle him to any right or privilege conferred by law, or to commence any proceeding, it shall not be necessary for such bond to conform in all respects to the form thereof prescribed by any statute, but the same shall be deemed sufficient if it conform thereto substantially, and do not vary in any matter to the prejudice of the rights of the party to whom or for whose benefit such bond shall have been given."

The next section provides that " Whenever such bond shall be defective in any respect, the Court, officer, or body who would be authorized to receive the same, or to entertain any proceedings in consequence of such bond if the same had been perfect may, on the application of all the obligors therein, amend the same in any respect, or may, on the application of the person required to give such bond allow a new one to be substituted in the place thereof, bearing date at the time when such bond was required to be given, and such bond shall, thereupon, be deemed valid from the time of the execution of such defective bond."

The terms of these sections are broad enough to include the case before the Court, and to allow either an

BEEBE v. YOUNG.

amendment of the bond already given by the addition of another surety, or the substitution of a new bond. The sections are copied from the Revised Statutes of New York, except that the second has been enlarged so as to allow a new bond to be substituted, where the New York Statute only authorized a bond already given to be amended. — 2 *R. S. of N. Y., p.* 556, §33, §34. — In *Potter v. Baker,* 4 *Paige,* 290, an appeal bond in Chancery was held amendable under these sections, and in *Van Slyke v. Schmeck,* 10 *Paige,* 301, they were also recognized as applicable to a bond given on an appeal from a Surrogate's Court to the Court of Chancery. Both these decisions were made before the provisions in question were incorporated into our statutes, and we have no reason to suppose that the Legislature in adopting these sections intended them to have a less comprehensive effect than they had in the statutes of New York. We think them applicable to this case, and that the appellants are entitled to the benefit of them if they desire it. By the express provisions of the second of these sections a new bond given under it will relate to and have effect from the time when the defective bond was executed.

The motion to dismiss the appeal will, therefore, be granted, unless the appellants shall, within forty days from this day, execute a bond to the appellee, with sufficient sureties, to be approved by the Circuit Judge, or Circuit Court Commissioner, in the form required by the statute, and shall place the same on the files of the Court, to stand as a substitute for the defective bond already filed. And if such bond shall be so executed, approved and filed, the motion will be denied.

But as the appellee has been regular in his motion the appellants must pay costs.

CHRISTIANCY and CAMPBELL JJ. concurred.

MARTIN Ch. J. was absent.