# Ex Parte Sibert.

## Application for Mandamus.

1. *Appeal does not supersede execution of decree without proper bond.*—Execution of a judgment or decree is not arrested or superseded by an appeal to the Supreme Court, unless a bond with sufficient sureties, payable and conditioned as prescribed by the statutes, is executed and filed.

2. *Supersedeas bond; condition of, when decree for payment of money*—When the judgment or decree is for the payment of money, the bond to supersede its execution, must be for double its amount, payable to the appellee, with sufficient sureties, and conditioned "to prosecute the appeal to effect, and satisfy such judgment as the Supreme Court may render in the premises."

3. *Same; conditions of, when not for payment of money.*—But when the decree which is sought to be superseded, declares a lien on lands for a specific sum of money, and orders the register to sell the lands for its payment after default, the bond, to operate as a supersedeas, must be framed and taken (under § 3928 of the Code) in such sum and with such condition as will indemnify and secure appellee from loss or delay in the execution of the decree, if it is affirmed, and if independent security for the costs of appeal is not given, it should also cover them.

4. *Decree; execution of, compelled by order of court.*—When an insufficient supersedeas bond has been taken, and the register refuses to execute the decree, he should be compelled to do so, by an order from the Chancellor.

5. *Decree; when execution of, compelled by mandamus.*—When it is shown, *prima facie*, that from error, or omission of duty, the judge of an inferior tribunal has denied an order essential to a speedy execution of its decrees, or judgments, a rule *nisi* will be awarded, and on the return of the rule, if no good cause is shown why it was refused, a peremptory *mandamus* will be awarded.

[Ex parte Sibert.]

APPEAL from Etowah Chancery Court.

Tried before Hon. N. S. GRAHAM.

On August 3, 1880, Hon. N. S. Graham, Chancellor of the Eastern Chancery Division of the State of Alabama, rendered a decree in term time, in a cause pending in the Chancery Court of Etowah county in favor of W. J. Sibert, as administrator of the estates of O. W. Ward, and Sarah A. Ward, against C. B. Maddox, W. P. Prickett, et al. The bill was filed to enforce an equitable lien on land.

The decree declared the complainant, S. A. Ward, entitled to relief, ascertained the amount due her to be $1036.62, without a reference to the register, and orders that unless said sum, and the costs of suit, be paid by the defendants within twenty days after the date of decree, the register shall sell the land. The decree authorizes the parties to the suit to become purchasers at the sale, directs the register to retain costs and commissions out of the proceeds of the sale, orders the respondents, or any person in possession, to deliver possession of the land to the purchaser at the register's sale, on exhibition of the latter's conveyance to him, and empowers the register to issue a writ of execution to any sheriff of the State of Alabama, commanding him to execute the order to deliver possession to the purchaser, and also requires the register to report his action in the premises, and the balance due complainant, or the surplus, if any, to the next term of the court. On August 29, 1881, the defendant applied to James T. Brooks, register in chancery for Etowah county, praying him to fix a supersedeas bond, superseding the decree of August 3, 1881, and staying its execution pending an appeal to the Supreme Court of Alabama, and also praying him to grant said appeal, "upon defendant's entering into such bond and sureties as your Honor may deem fit to suggest, and upon petitioner giving security for the costs of said appeal." The register granted the appeal upon defendant's entering into a bond, with good and sufficient security, for $2073.20, conditioned that the petitioners "shall prosecute the said appeal to effect, and satisfy such decree as the Supreme Court may render in the premises; and said petitioners having executed such bond, with H. and B. as sureties, it is ordered that the same be filed and approved." On Aug. 30, 1881, complainant's solicitors requested the register to proceed to execute the decree, but he declined to do so, on the ground that "the respondents had taken an appeal to the Supreme Court," and had executed what he regarded as a proper supersedeas bond. On Sept. 14, 1881, counsel for complainant gave notice to counsel for defendant, that they would move the Chancellor to grant a mandatory order,

or other remedial writ, against J. T. Brooks, register, &c., compelling him to proceed without delay in the execution of said decree. On September 26, 1881, the Chancellor heard this motion, which set up the foregoing facts, and while he held that the bond was insufficient to supersede the decree, declined to issue any order to the register, as prayed for by complainant, on the ground that he ought not to interfere with the register under the facts of the case. On Oct. 11, 1881, complainant applied to the Supreme Court for a *mandamus*, or mandatory order, directed to Hon. N. S. Graham, compelling him to grant an order to the register to proceed to execute the decree.

AIKEN & MARTIN, for appellant. (No brief on file.)

DENSON & DISQUE, for appellees.—The register had power to "direct the amount and condition of the appeal bond." Code, § 3928. He decided that the bond in this case superseded the execution of the decree. No court has a right to compel him to include conditions or terms in the bond, to make it a supersedeas bond, when the statute expressly gives him the authority to determine the condition of the bond.

Any addition to the terms and conditions in a supersedeas bond, other than those required by the register under this statute, reads more like judge-made-law, than the rule of action prescribed by the supreme power in the State. The register could have required the insertion of the terms which appellants insist ought to be included in the bond, but he declined to do so, and the statute clothes him with as ample power to refuse to insert such conditions as to require them. The whole matter is regulated by the statute, and no court can override the legislative will by declaring that the register has no power to do what the law says he shall do.

BRICKELL, C. J.—Under our statutes an appeal does not of itself supersede or arrest the execution of a judgment or decree. A bond with sufficient sureties, having the condition and payable as directed by the statute, must be executed and filed, or the party obtaining the judgment or decree, is entitled to proceed in its execution. If the judgment or decree is for the payment of money, the appeal bond must be in double the amount of the judgment, payable to the appellee, with sufficient sureties and with condition, "to prosecute the appeal to effect, and to satisfy such judgment as the Supreme Court may render in the premises."—Code 1876, § 3927. When the decree or judgment is for anything other than the payment of money, the chancellor or register, or judge, fixes

the amount and condition of the bond.—(Code of 1876, § 3928.

The decree obtained by the relators from which the appeal is taken is not merely for the payment of money. It declares a lien on lands for a specific sum of money, and orders the register of the court, if the money, with the costs of suit, is not paid by a day appointed, to make sale of the lands for the payment thereof. In *Hughes v. Hatchett*, 55 Ala. 539, it was *held* that a bond for an appeal from such decree, to operate as a *supersedeas*, should not be framed with the simple condition to prosecute the appeal to effect and satisfy the judgment of this court. It should be taken and framed under § 3928, in such sum and with such condition as will indemnify and secure the appellee from loss and damage resulting from the delay in the execution of the decree, if it is affirmed.

And we may add, if independent security for the costs of appeal is not given, the condition ought also to cover them. The bond taken by the register, having no other condition than that expressed in § 2927, cannot therefore operate to stay and supersede the execution of the decree, and it was the duty of the register on the application of the relators to proceed in its execution.—*Stafford v. Union Bank*, 17 How. 275. The only remedy of the relators was an application to the Chancellor for an order compelling the register to proceed and obey the decree.—*Ex parte Mansony*, 1 Ala. 98, High, Ex. Leg. Rem. §§ 80, 258. On the facts shown by the petition and its exhibits, there was no reason for the refusal of this order by the Chancellor. When it is shown *prima facie* that from error, or omission of duty, the judge of an inferior tribunal has denied to a party entitled, an order of this character, essential to a speedy execution of its judgments or decrees, a rule to show cause will be awarded, and if good cause be not shown on the return of the rule, a peremptory mandamus will be granted.—*Stafford v. Union Bank*, supra ; *U. S. v. Trigg*, 11 Pet. 173.

A rule must issue to the Chancellor of the eastern chancery division, requiring him, on the first day of the next term of this Court, to show cause why a mandamus should not issue commanding him to order the register to proceed to carry into effect the decree in favor of the relators, unless in the mean time the appellants shall execute a proper supersedeas bond.