**DIEL et al. v. BLANCHARD.**

No. 12786—Opinion Filed Feb. 19, 1924.

Rehearing Denied April 15, 1924.

Second Rehearing Denied May 13, 1924.

(Syllabus.)

**Supersedeas— Mortgage Foreclosure— Validity of Bond.**

Where, in an action to foreclose a mortgage, a personal judgment is rendered for the amount due and judgment is also rendered for a sale of the property charged with the payment of the debt, and an appeal is taken therefrom and a supersedeas bond is given by the plaintiff in error conditioned according to subdivision 1, sec. 794, Comp. Stat. 1921, but does not contain a condition that during the possession of such property by the plaintiff in error he will not commit nor suffer waste to be committed thereon, and if the judgment should be affirmed, to pay the value of the use and occupation of the premises, etc., as required by subdivision 3, sec. 794, such bond supersedes the judgment until set aside upon motion to the court, and such bond is supported by a sufficient consideration and is a valid and binding obligation on the part of the surety.

Error from District Court, Alfalfa County; J. C. Robberts, Judge.

Action on supersedeas bond by M. A. Blanchard, assignee of judgment in favor of G. J. McDuffee, against David Diel and another. Judgment for plaintiff, and defendants bring error. Affirmed.

Horton & Horton, for plaintiffs in error.

Titus & Talbot, for defendant in error.

COCHRAN, J. On August 21, 1914, G. J. McDuffee obtained a judgment in the district court of Alfalfa county against D. S. Schuber and Rheinhard Meier, for a personal judgment and for the foreclosure of a real estate mortgage. The defendants appealed from this judgment and, for the purpose of superseding the judgment pending the appeal executed a supersedeas bond with David Diel and George Meier as sureties. The appeal was decided by the Supreme Court in January, 1918, and thereafter the real estate was sold, leaving a balance due on the personal judgment of about $1,400. This action was brought on the supersedeas bond to recover from the sureties the balance due on the judgment. Judgment was rendered for the plaintiff, from which the defendants have appealed. The only question presented by the defendants is that the bond sued on is void because it is without consideration. It is contended by the defendants that the bond

was not conditioned as provided by section 794 of Comp. Stat. 1921, and was not sufficient to supersede the judgment. Section 794, Comp. Stat. 1921, is in part as follows:

"No proceeding to reverse, vacate or modify any judgment or final order rendered in the county, superior, or district court, except as provided in the next section, and the fourth subdivision of this section, shall operate to stay execution, unless the clerk of the court in which the record of such judgment or final order shall be, shall take a written undertaking, to be executed on the part of the plaintiff in error, to the adverse party, with one or more sufficient sureties, as follows:

"First. When the judgment or final order sought to be reversed directs the payment of money, the written undertaking shall be in double the amount of the judgment or order, to the effect that the plaintiff in error will pay the condemnation money and costs, in case the judgment or final order shall be affirmed, in whole or in part. * * *

"Third. When it directs the sale or delivery of possession of real property, the undertaking shall be in such sum as may be prescribed by the court or the judge thereof, to the effect that during the possession of such property by the plaintiff in error, he will not commit nor suffer to be committed, any waste thereon, and if the judgment be affirmed, he will pay the value of the use and occupation of the property, from the date of the undertaking until the delivery of the possession, pursuant to the judgment, and all costs. When the judgment is for the sale of the mortgaged premises, and the payment of a deficiency arising from the sale, the undertaking must also provide for the payment of such deficiency."

The judgment rendered in the original suit, which was sought to be superseded by the filing of this bond, was a personal judgment for $4,343.92, with interest and costs and foreclosing a real estate mortgage and directing the proceeds of the sale of the real estate to be applied in accordance with section 670, Comp. Stat. 1921. The bond which was filed was in the penal sum of $9,000, and was conditioned as follows:

"The condition of the above obligation is such that whereas, in the district court of Alfalfa county, in the above entitled cause, on the 21st day of August, 1914, it was ordered, adjudged and decreed by the court that the motion for judgment on the pleadings be sustained and that judgment be rendered in favor of the plaintiff and against the defendants, and whereas, the above named principals have appealed from said judgment to the Su-

preme Court of said state, and gives this undertaking in order that execution of said judgment shall be stayed, pending the determination of said cause on appeal. Now, therefore, if said above named . principal shall pay the condemnation money and costs, in case said judgment appealed from shall be affirmed, in whole or in part, then this obligation shall be void, otherwise to remain in full force and effect."

In Deming Inv. Company v. Farris, 5 Okla. 496, 50 Pac. 130, the Supreme Court of the territory of Oklahoma had under consideration a similar supersedeas bond, one which was conditioned that the plaintiff in error would pay the condemnation money and costs, but was not conditioned in accordance with subdivision 3. and the plaintiff in that case, pending the appeal, attempted to sell the property upon which the mortgage was ordered foreclosed. on the theory that the bond given did not supersede that portion of the judgment ordering a sale of the property. The court held that the judgment was superseded and that the property could not be sold pending the appeal, using the following language:

"The bond was for double the amount of the judgment and costs, but did not provide that while the property was in the possession of the appellant he would not commit, or suffer to be committed, any waste thereon and that if the judgment complained of should be affirmed he would pay the value of the use and occupation of the premises, etc. Whether or not such a provision should have been in the bond it is not necessary to decide. The bond, as it was drawn, was accepted and approved. The clerk had the right. under the law, to act in the matter and, having such jurisdiction, his action will stand till set aside; and if, upon motion to the court, such relief as the parties deemed themselves entitled to cannot be obtained, an appeal will lie to this court. but until the bond as accepted is held insufficient, or the action of the court clerk in approving the same be vacated, the judgment is superseded."

The defendants have cited numerous authorities from other states, but we decline to depart from this rule of procedure which was announced at such an early day in this jurisdiction and which has been accepted without question since that time. The judgment of the trial court is therefore affirmed.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.