**VENATOR, Court Clerk, v. EDWARDS.**

No. 16947.    Opinion Filed July 19, 1927.

Rehearing Denied Oct. 4, 1927.

(Syllabus.)

1. Appeal and Error—Sufficiency of Supersedeas Bond—Mandamus to Compel Court Clerk to Issue Execution Improper.

Where a supersedeas bond has been timely filed with the court clerk and the same has been approved, notwithstanding the sureties thereon are ineligible under our law to become sureties on an undertaking of this nature, the bond is sufficient for the purpose for which it is given, until quashed or set aside in some direct proceeding; and an action in mandamus will not lie to compel the court clerk to issue an execution on the judgment, in disregard of the bond.

2. Appeal and Error—Insufficiency of Supersedeas Bond—Mode of Objection.

If the defendant in error, or person for whose benefit a supersedeas bond is given, is dissatisfied with the bond for any reason, the appropriate practice is to move, in the court having jurisdiction of the cause, for an order that the bond be amended or a new bond be filed within a time designated by the court, and on default thereof, that the order of supersedeas be vacated and set aside.

3. Same—Amendment of Bond or Giving New Bond.

The steps taken by a party litigant, in his endeavor to perfect his appeal, in giving a supersedeas bond constitutes a proceeding amendable under section 318, Comp. Stat. 1921; and the bond, by consent of the sureties, may be amended, or a new bond by way of amendment may be filed.

Commissioners' Opinion, Division No. 2.

Error from District Court, McIntosh County; Harve L. Melton, Judge.

Action in mandamus by Tony Edwards against B. F. Venator, Court Clerk of McIntosh County. Judgment for plaintiff, and defendant appeals. Reversed, and dismissed.

Charles R. Freeman and J. B. Ward, for plaintiff in error.

Turner & Turner and H. B. Parriss, for defendant in error.

HALL, C. This case is an outgrowth or side issue of the case of Burnham v. Edwards, 125 Okla. 272, 257 Pac. 788. In that case Burnham was sued on a contract of suretyship growing out of his signing a supersedeas bond. He was the losing party in the trial court; he gave notice of an appeal to this court and had an order entered staying execution and superseding the judgment, pending the filing of a supersedeas bond. He timely filed the bond, and the court clerk approved the same. The bond was regular and in statutory form, except that it showed upon its face that the justification of the sureties was made in the state of Arkansas, and other facts appeared clearly showing that all of the sureties resided in that state. The principal's name to the bond was affixed thereto by his attorney, who had conducted this litigation in the courts.

The defendant in error then filed a praecipe for execution on the judgment. The court clerk, who is plaintiff in error in this particular action. refused to issue the execution, and upon his refusal the defendant in error commenced in the district court an action in mandamus to compel him to issue the execution, in disregard of the bond. At the final hearing, the court issued the writ or order of mandamus against the court clerk, directing him to issue the execution. From this order and judgment the defendant appealed to this court.

That part of the bond which is under attack is as follows:

"In witness whereof we have hereunto subscribed our names this the 24th day of August, 1925. J. F. Burnham, by Chas. R. Freeman, Atty. W. C. Brooks, R. B. Henry. J. G. Henry, J. M. Henry.

"State of Arkansas, County of Pope. "(Regular justification clause.)

"I, W. C. Brooks, am worth the sum of $25,000; I, R. B. Henry, am worth the sum of $80,000; I, J. G. Henry, am worth the sum of $75,000; I, J. M. Henry, am worth the sum of $75,000; and that we hereby waive the service of summons upon us and enter our appearance and confess judgment herein for the amount found due the said Tony Edwards in the event that said judgment be affirmed by the Supreme Court or that said appeals be not perfected or dismissed. W. C. Brooks, J. H. Henry, R. B. Henry, J. M. Henry. Subscribed and sworn to before me on this the 24th day of August, 1925. Ireme Howell, Notary Public. (Seal) My Com. Exp. Feb. 3, 192— Approved this

the 26 day of Aug. 1925. B. F. Venator, Court Clerk."

In view of the recitals in this part of the bond and a letter from the Peoples Exchange Bank of Russellville, Ark., which was attached to the bond, we are safe in presuming that all the sureties on this bond reside in the state of Arkansas.

The plaintiff in error contends that the court had no authority to issue a writ of mandamus ordering him to issue an execution as long as the supersedeas bond stood approved, and no proceeding had been taken to vacate or set it aside. Citing In re Application of Epley, 10 Okla. 631, 64 Pac. 18.

On the other hand, defendant in error contends that the bond tendered, and which was approved by the court clerk, was not merely defective or irregular, but absolutely void. In support of their contention, counsel for defendant in error cite sections 794 and 886, Compiled Oklahoma Statutes 1921, and cite and briefly quote excerpts from Whitmore v. Stewart (Kan.) 59 Pac. 261; Stafford v. Union Bank, etc. (U. S.) 17 How. 275, 15 L. Ed. 101.

Section 886 of our statute aforesaid prescribes the qualifications of sureties on all bonds and undertakings in this state; one of the requirements being that they must be residents of Oklahoma. Section 794 of the aforesaid statute sets forth the various statutory requirements of supersedeas bonds.

While the question is not altogether free from debate, we think that the contention of plaintiff in error is fully sustained by the great weight of authority, and by several decisions of this court, namely, In re Epley, 10 Okla. 631. 64 Pac. 18; Deming Investment Co. v. Farriss (Okla. Sup.) 50 Pac. 130; Drainage District No. 5 of Oklahoma County v. Ferrell, 32 Okla. 381, 122 Pac. 698; and Deil v. Blanchard, 102 Okla. 35, 225 Pac. 962.

The case of In re Eply, supra, deals largely with the remedy in such cases, but the cases of Deming Investment Co. v. Fariss, Drainage District No. 5 of Oklahoma County v. Ferrell, and Deil v. Blanchard, supra, deal with both the remedy to be pursued and the effect of a defective supersedeas bond when such defect arises out of the failure to comply with some apparently mandatory provision of the statute.

The case of Drainage District etc., v. Ferrell, 32 Okla. 381, 122 Pac. 698, involved an appeal to the district court from an order

of the county commissioners. The provision of the statute authorizing appeal from such commission requires the bond to be executed "with at least two good and sufficient freehold sureties." Two bonds were involved in that case. The first bond was assailed by a motion to dismiss the appeal; the objection lodged against it was the fact that it was signed only by the principal, with the notation on the bond that $100 in cash was the surety, which cash was deposited with the clerk. After the motion to dismiss was lodged, the appellant asked leave to file a new bond, which leave was granted, and the new bond was filed but failed to describe the sureties as "freehold sureties."

This court sustained the ruling of the trial court in refusing to dismiss the appeal, and cited numerous cases in support of the rule that in such case a new bond may be required on proper motion, but the bond is operative until the appellant is given an opportunity to amend the bond or file a new one. In the course of the opinion, the court, through Commissioner Brewer, said:

"It may be admitted that the filing of a bond is a prerequisite in cases of this kind. But must the undertaking conform in every possible way with the requirements of the statute? Or is the filing of a bond in substantial compliance with the statute, duly approved by the proper officer, sufficient upon which to found jurisdiction in the district court? * * * Is there not a difference between a purported bond that, because of its inherent vices, is a mere nullity and one that is merely irregular and does not conform to all the requirements of the statute? There unquestionably is a difference. * * * A case very much in point is that of Farnum v. Davis et al., 32 N. H. 302. It is held: 'The want of two sureties on a recognizance entered into upon an appeal from the judgment of a justice of the peace, in a civil cause, is merely an irregularity in the proceedings, and not a jurisdictional exception.' In that case, two sureties were required by the statute. See also, People v. Erie, 6 Wend. (N. Y.) 549; Reynolds v. Renselaer, 111 Wend. (N. Y.) 174. The contention that the new bond allowed in this case is a nullity, because the sureties are not specifically described in the bond as 'freeholders,' we do not think can be sustained. * * * If the sureties offered were not freeholders, and upon timely objection for that reason this fact was ascertained, then they would not be sufficient, and competent sureties would have to be offered."

In the case of Deming Investment Company v. Fariss, supra, the territorial Supreme Court after holding that an injunction will lie to restrain a sale of real property under judgment of foreclosure, where a supersedeas bond has been executed, notwithstanding that such bond did not in terms comply with all the requirements of the statute, set out in the opinion the following terse statements of law:

"The fact that the bond may not have conformed in all particulars to the statute did not make the instrument a nullity, but, if defective, the remedy was by motion to the court below for additional security, or for a correction of the bond. As we view this matter, the approval of the bond by the clerk in a case wherein the statute directs him to accept and approve a bond, as is the case under our statute, is tantamount to an order of the court, and supersedes the judgment. The only way by which supersedeas may be set aside is by direct attack. It cannot be ignored, or an execution issued, as long as it remains on record, until its effect has been tested in this manner."

In regard to statutes prescribing in detail the requirements of supersedeas bonds, it is generally held that a failure to comply with the strict terms of the statutes will not invalidate the bond or render it subject to collateral attack.

The principal upon which this doctrine rests is that where a person is entitled to relief against another person because of his failure to comply with some remedial statute or right, and there are two modes of redress, one drastic and the other mild, the courts will deny the former and adopt the latter when such course will effectuate the original purpose and completely meet the ends of justice.

The party for whose benefit the bond was executed has the undoubted right to compel by proper motion the execution and submission of a new bond conforming strictly, or at least substantially, with the requirements of the statutes; but the bond or undertaking cannot be disregarded or treated as a nullity and be subject to collateral attack unless the bond is absolutely void for all purposes for which it is given. As stated in Corpus Juris, vol. 3, page 1191, section 1260:

"The general rule is that statutes providing for the amendment of bonds or undertakings on appeal, being remedial in their nature, should be liberally construed. so as most effectively to promote the object of enactment and aid in the attainment of substantial justice."

As stated by the Court of Civil Appeals of the State of Texas in Peck v. Powell, 259 S. W. 640 (March, 1924):

"It is the general rule that statutes relating to the right of appeal must be liberally construed in favor of the appellant. In Boggess v. Howard, 40 Tex. 153, decided before the statute authorizing amendments of appeal bonds, holds that even after the appeal had been dismissed because of the defective bond the case would be reinstated upon the docket and upon application of the plaintiff in error time would be granted him to file a new appeal bond."

Relative to the particular omission or defect complained of in this action, which is the **ineligibility of the sureties**, the courts almost unanimously hold that such defect does not render the bond inoperative for the purposes for which it was given, until quashed or set aside in some direct proceeding. This is the rule even in the absence of a statute authorizing it where there is no express statute to prevent it. In the case of Nash v. Haycraft, 34 Fla. 449, 16 South. 324, a ineligible person, an attorney at law, was surety on the supersedeas bond, and the court permitted an amendment of the bond. The Supreme Court of Kansas, in the case of McClelland et al. v. Allison, 34 Kan. 155, 8 Pac. 239, held that an attorney in the action is ineligible to become a surety on a bond, but his ineligibility did not render the bond void, and that the bond could be amended. The same doctrine finds expression in numerous cases of the courts of the various states. In Kerr v. Martin, 122 Pa. 436, 15 Atl. 860, it was held:

"Under a rule of court prohibiting a sheriff from becoming surety on a recognizance taken therein, it is error, upon a rule to show cause against the same, to dismiss an appeal from an award in which the sheriff is the sole surety; the proper practice being to require the appellant to perfect his bail within a specified period, and in default thereof to quash the appeal."

In the case of Chase v. Omaha Loan & Trust Co., 56 Neb. 358, an appeal bond had been signed by a practicing attorney who, under the provisions of the statutes of Nebraska, like the statutes of Oklahoma, was not a proper person to become a surety upon an appeal undertaking; on motion, the appeal was dismissed for want of a proper appeal bond. In reversing the action of the lower court, the court said:

"If the appellee was dissatisfied with the appeal bond for any reason, the appropriate practice would have been to file a motion in the appellate court for an order requiring a change or renewal of the bond within a time to be fixed by the court, and on a failure to comply with such order enter a dismissal".

In Jacobs v. Morrow, 21 Neb. 233, it is said:

"Where a bond has been duly approved by the officer whose duty it was to approve the same it will be presumed that it conformed in all respects to the requirements of such officer, and it will not be void, even though some of the formalities of the law have not been complied with, provided the bond is filed within the time fixed by statute. The appellate court may permit or require a new bond to be filed, and will not dismiss an appeal where it is possible by an amendment to correct or replace an erroneous bond."

The same holding and the same views were expressed in the cases of Branger v. Buttrick, 30 Wis. 153; Towle v. Bradley (S. D.) 50 N. W. 1057; Beebe v. Young, 13 Mich. 221; and Riley v. Mitchell, 38 Minn. 9, 35 N. W. 472, in which cases there was but one surety instead of two; and Shires v. Fesler, 21 Ohio Cir. Ct. (N. S.) 529, where there was no surety at all.

We have a statute (section 318, Compiled Statutes 1921), which expressly authorizes the court, upon its own motion or after a proper motion has been lodged for that purpose, to amend any pleading, process, or proceeding before or after judgment.

In the preceding cases from this court, this statute was apparently overlooked; the court basing its decisions upon its own inherent rights, and the principles of procedure which a court will always adopt in furtherance of justice, in the absence of a statutory rule prescribing the mode of procedure.

The state of Ohio has a statute practically identical with ours, which is section 11363 of their General Code, the relevant portion thereof being as follows:

"When an **action** or **proceeding** fails to conform to the provisions of this title, the court may permit **either** to be made conformable thereto, by amendment." (Emphasis ours.)

Section 318 of Compiled Statutes 1921, in part, says:

"* * * When **any proceeding** fails to conform, **in any respect**, to the provisions of this code, the court may permit **the same** to be made conformable thereto by amendment." (Emphasis ours.)

This statute of Ohio, as the same relates to the amendment or correction of appeal or supersedeas bonds, has been often construed by the Supreme Court of that state, the most recent decision being the case of Austin et al. v. Morris, 103 Ohio St. Rep. 449, decided November, 1921, in which it was held:

"If the litigant has intended to and in good faith taken steps to file an appeal bond with the clerk of court, who approves the same, and a mistake has been made therein in any respect, whether in form or substance, section 11363, General Code, authorizes the appellate court, in furtherance of justice, to permit its amendment."

In the course of the opinion the court said:

"In the case of Irwin v. Bank, supra, Judge Swan, in commenting upon the general section relating to amendments, stated at page 89: 'The code authorizes an amendment when a mistake goes to the substance of the pleadings or proceedings. It further authorizes an amendment of a mistake in any respect. Broader and more efficient language could hardly have been used to vest this power. The only limit seems to be to cases where an amendment would not be in furtherance of justice.' * * * In other states courts have exercised great latitude in permitting appeal bonds to be amended. So numerous are the reported cases sustaining the principle involved here that it would only extend this opinion if we should cite and comment upon them."

The views on the opinion quoted accord fully with our own upon this question.

The bond assailed in the case at bar is irregular and defective. With reference to the matter of suretyship the bond fails to comply with the statutes. The defendant in error was entitled to a bond to comply substantially with all the requirements of our statutory law; but he did not pursue that remedy or seek that relief, by moving for better security and in default thereof a vacation of the order of supersedeas. Had he pursued such remedy, the court would or should have ordered an amendment of the bond or the filing of a new one; and on default thereof would have vacated and set aside the order granting the supersedeas and stay of execution.

Instead of this course, the defendant in error assumed that the bond was a nullity, incapable of amendment, correction, or substitution, and proceeded in a collateral action to strike down the bond and carry with it the purpose for which it was given. The decisions of this court on this particular subject matter and the great weight of authority from other states are against the position assumed by defendant in error.

The case of Stafford v. Union State Bank, 17 How. 275, 15 L. Ed. 101, relied upon by defendant in error, supports his contention; but the opinion in that case cites no authority in support of its holding. The matter

before us not involving a federal question, that decision being so out of harmony with the decisions and statutes of Oklahoma, is not persuasive.

The case of Whitmore v. Stewart et al. (Kan.) 59 Pac. 261, is not in point. In that case no question of appeal or the sufficiency of a supersedeas bond was under consideration. It was simply a collateral attack upon a void judgment, which is permissible at all times and in any proceeding.

For the reasons herein stated, the order and judgment of the district court of McIntosh county in this cause is hereby reversed with directions to dismiss this action.

BENNETT, JEFFREY, HERR, and DIFFENDAFFER, Commissioners, concur.

Note.—See under (1) 3 C. J. p. 1302, §1431 (Anno); 38 C. J. p. 639, §145. (2) 3 C. J. p. 1312, §1440 (Anno). (3) 3 C. J. p. 1311. §1440: 2 R. C. L. p. 116; 1 R. C. L. Supp. p. 402.