UNITED STATES of America,
Plaintiff,

v.

Wilson Heyward JENKINS as Executor of the Estate of Mary M. Jenkins, Defendant.

Civ. No. 901.

United States District Court
S. D. Georgia,
Savannah Division.

June 25, 1957.

William C. Calhoun, U. S. Atty., Augusta, Ga., and Joseph B. Bergen, Asst. U. S. Atty., Savannah, Ga., for plaintiff.

John J. Bouhan, and Samuel A. Cann (of Bouhan, Lawrence, Williams & Levy), Savannah, Ga., for defendant.

SCARLETT, District Judge.

The plaintiff in the above-captioned case filed a suit in Equity in this court

alleging that the instant defendant as an executor of an estate refuses to assent to certain legacies to himself in his individual capacity as sole heir of the estate in question for the purpose of defeating the rights of the plaintiff as creditor of the legatee and devisee of the decedent's estate.

The plaintiff prays that the defendant as executor of the estate of the decedent be required to assent to and make titles in and to himself, individually, as sole heir and beneficiary of the decedent's estate to so much real property belonging to the said estate that would satisfy plaintiff's judgment against him individually which was rendered in this court in Civil Action No. 822 and reported in D.C., 141 F.Supp. 499; and affirmed by a Per Curiam opinion in 5 Cir., 238 F.2d 83, or in the alternative the defendant be required to assent to a legacy in the form of bank deposits and income received by the estate so that garnishment judgment can be obtained against the defendant as executor of the said estate to satisfy the plaintiff's judgment against him individually.

An order to show cause why the plaintiff should not be entitled to relief as sought in this action was issued against the defendant. Subsequently, the defendant filed a motion to dismiss the plaintiff's suit in Equity alleging that the plaintiff's petition set forth no cause of action; that the plaintiff has a remedy at law in the State Court of Ordinary; and, that the plaintiff has not exhausted its remedies in law or equity in the State courts. The defendant also filed an answer to the instant suit which in essence denied liability to the plaintiff; denied that all debts against the estate have been paid; denied that he has authority to execute an executor's deed since the will in question has not been probated in solemn form; sets out certain assets and liabilities of the estate; contends that the Government still has a right to question the amount of the estate taxes and income taxes due by the decedent and legatee jointly; and, restates the grounds for his motion to dismiss.

On February 13, 1957, a hearing was held at Savannah, Georgia, and argument was heard by both parties after which briefs to support the opposite positions were requested and received by the Court. The defendant filed with his brief as an exhibit an assent to devise real estate sufficient to satisfy a levy and sale under the judgment sought to be collected by the Government. The defendant in this indenture set out that the estate had been probated in solemn form and that there is no further necessity for administration of the estate in question. The defendant amended his brief by letter to advise that the Supreme Court of the United States by another Per Curiam decision granted the Government's motion to dismiss the defendant's appeal to that Court on March 11, 1957, Case No. 697, October Term 1956. 352 U.S. 1029, 77 S.Ct. 595, 1 L.Ed.2d 598.

The plaintiff in its brief insists upon a judgment placing title to the heretofore mentioned bank account and income in the sole heir to the estate and judgment debtor of the plaintiff and declares that it does not wish to proceed against the legatee's property since the legatee through his attorney avowed at the hearing of this cause that he would file an affidavit of illegality for the expressed purpose of placing the proceedings back into prolonged litigation should the Government levy on this property.

The defendant admitted at the hearing that as of February 8, 1957, he possessed $5,693.84 on deposit at the Atlantic Savings and Trust Company, Savannah, Georgia, and that he received a semiannual income of $5,000 for the sale of certain property belonging to the decedent in Liberty County, Georgia, to the Browning Lumber Company of Riceboro, Georgia, and would continue to receive this income until the purchase price of said property in the amount of $105,000 has been paid.

#### Findings of Fact and Conclusions of Law.

This Court is of the considered opinion that the defendant's motion to dis-

miss should be denied in that the plaintiff is entitled to judgment as prayed.

■ Jurisdiction for this Court to entertain the Government's suit in Equity may be found in Camp v. Field, C.C., 189 F. 285, which held:

"Suit instituted * * * to compel an executor to assent to a legacy * * * is a suit in equity, independent of and distinct from the administration of testator's estate by the ordinary's court, and may be removed to the federal court on the ground of diversity of citizenship."

■ To support the Government's right to require assent see Wills and Administration of Estates in Georgia by Redfearn, page 252:

" * * * the executor cannot withhold his assent for the purpose of defeating the rights of creditors of legatees, nor can he capriciously give his assent for the purpose of defeating the rights of creditors of the testator's estate. Equity will protect the rights of all parties."

Also see Code, § 113–802 and subsequent case annotations.

Concerning the defendant's denial that the debt against the legatee was due at the time of his answer this Court judicially knows that judgment in the amount in question was rendered by this Court and affirmed in the Fifth Circuit Court of Appeals and that the decision was then appealed to the Supreme Court of the United States; however, this suit which was filed for the purpose of collecting this judgment was heard prior to the Supreme Court's decision in view of the fact that the record shows that the defendant failed to comply with Rule 18 of the United States Supreme Court Revised Rules, 28 U.S.C.A. which require that an appellant tender a supersedeas bond for the satisfaction of the judgment in full if the stay of the enforcement of the judgment appealed from is to act as a supersedeas. See Stafford v. Union Bank, Tex.1854, 17 How. 275, 15 L.Ed. 101:

"When an appeal is allowed, security must be taken in the amount of the judgment or the decree will not be superseded, and the judge must issue process on application of plaintiff."

■ The record also shows that the appellant failed to give bond on his appeal to the Court of Appeals as required by Rule 62 of the Federal Rules of Civil Procedure, 28 U.S.C.A. and thus subjected himself to enforcement action by the plaintiff here. See Barron and Holtzoff, Federal Practice and Procedure, Volume 3, page 297, which states as follows:

"If the bond required by Rule 62 (d) has not been given, the pendency of an appeal does not prevent proceedings in other courts to enforce the judgment." (Citation.)

The Fifth Circuit Court of Appeals acting on the plaintiff's motion for mandate on the ground that bond had not been given, advised through its Clerk on January 26, 1957, that an oral opinion was rendered to the effect that since there was no supersedeas filed below the pendency of an appeal did not prevent plaintiff from proceeding on the judgment and the withholding of the mandate will not prevent it from doing so. The Court further held that although it would issue a stay of mandate on appeal the plaintiff could have proceeded, and still can proceed on the judgment whether or not the mandate goes down to the lower court and the Court of Appeals will not deprive the plaintiff of the position it is now in to proceed on its judgment below unless the defendant posted supersedeas bond in an amount sufficient to cover the whole amount of the judgment.

A judgment creditor is entitled to elect the form of his relief and being thus empowered with this right of election the Government may insist on its alternative prayer so that it may proceed to obtain a garnishment judgment.

■ In regard to the defendant's contention that the Government still has a right to question the amount of the

estate's taxes and the income taxes due jointly by the decedent and the legatee the defendant cannot rely upon a possible undetermined claim against the estate as a reason for failure to pay legitimate claims which have been filed. This type claim is nothing more than a contingent claim which is itself based upon another contingency. See Dixie Pine Products Co. v. Commissioner of Internal Revenue, 320 U.S. 516, 64 S.Ct. 364, 365, 88 L.Ed. 270, which held:

" * * * the taxpayer was strenuously contesting liability in the courts and, at the same time, deducting the amount of the tax, * * *. This could not do."

### Order on Motion to Dismiss and Judgment of the Court.

Wherefore, It Is Ordered, Adjudged and Decreed that the defendant's motion to dismiss be, and the same is, hereby denied and that title in and to the sum of $5,693.84 deposited at the Atlantic Savings and Trust Company, Savannah, Georgia, be, and the same is, in Wilson Heyward Jenkins in his individual capacity as sole heir of the decedent's estate and that title in and to the semi-annual payments of $5,000 to Wilson Heyward Jenkins as executor of the decedent's estate from the Browning Lumber Company, Riceboro, Georgia, be, and the same is, in Wilson Heyward Jenkins individually and as sole heir of the decedent's estate.

### Garnishment Judgment.

The United States of America, plaintiff, in the above-captioned action filed summons of garnishment against the defendant as executor of the estate of his late wife, Mary M. Jenkins, to depose on oath indebtedness to or property and effects belonging to Wilson Jenkins, himself, in his individual capacity as sole heir of his wife's estate.

The defendant filed a motion to dismiss the summons on the grounds that under Title 18 U.S.C.A. § 3565, a garnishment may not be maintained upon a fine judgment. The defendant also filed an answer to the summons alleging that he is unable to answer truthfully exactly what amount will be due to himself as sole heir since expenses against the said estate have not been fully determined.

A hearing was held and the defendant admitted at the hearing that as executor of his wife's estate he had on deposit at the Atlantic Savings and Trust Company, Savannah, Georgia, $5,693.84 and that he is receiving from the Browning Lumber Company, Riceboro, Georgia, semi-annual payments in the amount of $5,000 until the amount of $105,000 has been paid as purchase price for certain property belonging to the estate in Liberty County, Georgia.

After the hearing briefs to support the opposite positions were requested and received by the Court.

The defendant filed an exhibit with his brief admitting that there is no necessity for further administration of his late wife's estate, thus negating the defenses made in his answer to plaintiff's summons of garnishment.

Concerning the defendant's motion to dismiss, he argued in his brief that garnishment is unauthorized on a fine judgment and cites the case of United States v. Bailey, D.C., 52 F.2d 286, a case decided in this court by the late Honorable William H. Barrett and which interpreted Title 28 U.S.C.A. § 726, a pertinent part of which reads as follows:

"That in common-law causes in the circuit and district court of the United States the plaintiff shall be entitled to similar remedies, by attachment or other process against the property of the defendant, which are now provided for by the laws of the State in which such court is held, applicable to the courts of such State; * * *"

The defendant does not deny that garnishment may be had against executors and administrators pursuant to Georgia Code, § 46–205, but merely contests the Government's right to garnishment to collect its fine judgment.

Judge Barrett in his decision points out that indubitably Section 726 deals only with "common-law causes", and that if Congress entertained the view that criminal or penal causes in which judgment or sentence has been or shall be rendered, imposing the payment of a fine or penalty were included in "common-law causes" the act creating Section 726 which limited such remedy to "common-law causes" would be utterly superfluous.

The Bailey decision, therefore, points out that since a fine judgment is statutory and not derived from the common-law it cannot be enforced under the provisions of Section 726.

■ The Government in the proceeding in question here has no quarrel with the Bailey decision as it interprets Section 726, Title 28 U.S.C.A. However, the salient point is that Section 726 has been repealed and superseded by Rule 64 of the Federal Rules of Civil Procedure, Title 28 U.S.C.A. Congress as one of the three equally powerful branches of our Government has legislated Section 726 out of existence and thus reduced the decision in the old Bailey case as being inapplicable to the question now raised. Rule 64 states:

> "At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, * * *."

Rule 64 goes on to state as follows:

> "The remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies, however designated and regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action."

Rule 64 relates to "an action" which must be interpreted to mean any and all actions, common-law and statutory, there being no reference to a particular type of action such as was made in the old Section 726 which refers solely to "common-law causes". The Rule provides that "all remedies * * * are available" to enforce all judgments obtained in Federal courts including statutory fine judgments. The Rule then specifically states that the remedies available include garnishment, such as cited by the Government against the defendant Wilson Heyward Jenkins as executor of his wife's estate.

Wherefore, judgment having been entered against the defendant in this court for the main case of United States v. Jenkins, D.C., 141 F.Supp. 499, Civil Action 822, and it appearing to the Court that the garnishee, Wilson Heyward Jenkins, executor of the estate of Mary M. Jenkins, is indebted to the defendant, Wilson Jenkins, as sole heir to the estate in question in the sum of $105,000, including the deposit of $5,693.84 at the Atlantic Savings and Trust Company, Savannah, Georgia, judgment is hereby entered against said garnishee in favor of the plaintiff, the United States of America, in the sum of $10,045.70.